*In re* BAILEY'S ESTATE.

1. APPEAL AND ERROR — TRIAL — DIRECTED VERDICT — EVIDENCE — CONSTRUCTION.
   On reviewing a directed verdict, the court should give appellant's evidence the most favorable construction it will bear.

2. WILLS — COMPETENCY — UNDUE INFLUENCE — EVIDENCE — SUFFICIENCY—DIRECTED VERDICT.
   In a will contest case, where it was not claimed by contestants that testator was not competent to do such business as he was called upon to do, and there was no offer made to show that any one influenced or attempted to influence him in making said will, the trial court properly directed a verdict for proponents.

Error to Ingham; Wiest (Howard), J. Submitted January 4, 1921. (Docket No. 11.) Decided March 30, 1921.

Milton Bailey and others presented for probate the last will of John J. Bailey, deceased. The will was allowed in the probate court, and Orla H. Bailey and others appealed to the circuit court. Judgment for proponents on a directed verdict. Contestants bring error. Affirmed.

*D. G. F. Warner*, for appellants.

*George R. Heck* and *Louis E. Howlett*, for appellees.

MOORE, J. This is a will contest. John J. Bailey died, leaving a will. By the terms of this will he gave his wife the use of one-third of all the real estate which he owned, and one-third of all his personal property. To each of his children $1. To three uncles and aunts $1,000 each, and to another aunt $500. To Meritta Gibson $500. To Alice Glass, with

whom he had lived for about three years, $500. To Emma Retan, the nurse who cared for him in his illness, $100, and the residue to his cousins, Leroy Bailey of Saginaw, Michigan, and Milton Bailey of Lansing, Michigan.

As long ago as in 1900, Mr. Bailey had become estranged from his wife and family. At the time of his death, a divorce suit was pending between himself and wife, which found its way into this court. *Heck v. Bailey*, 204 Mich. 54. A reading of the opinion in that case will be helpful here.

The widow and children of Mr. Bailey contested the will upon the grounds of incompetency and undue influence. The will was admitted to probate, and an appeal was taken to the circuit court. A *prima facie* case was made by the proponents and the will was received in evidence.

Counsel for contestants then stated at length what he expected to prove, and all that he expected to prove. The trial judge was of the opinion that, conceding counsel proved all he stated he expected to prove, he failed to state a case, and directed the jury to return a verdict in favor of the will. The case is brought here by writ of error, counsel insisting there was a case for the jury.

It is elementary that the appellant is entitled to have his evidence given the most favorable construction it will bear. *Johnson* v. *Desmond Chemical Co.*, 156 Mich. 669; *Schmidt* v. *Mining Co.*, 159 Mich. 308.

Judged by this test, does the statement of counsel go any farther than to show that the testator and his family were estranged, and that the testator was most at fault?

We now quote from the brief of appellants:

"We admit that the statement as to undue influence is not very strong, standing alone, but taken in connection with the other matters in the case we think

that we were able to make such a showing as should be considered by a jury where it says:

" 'On the trial of this case (referring to the divorce case) the family clove to the mother and disputed the question of desertion, telling the facts as they understood them and as they existed, which were contrary to the interests of the father. There was one witness, I believe, Milton W. Bailey, a relative of Mr. Bailey, who did testify for him and in his behalf. This same Milton Bailey was the one who loaned him the $20 the morning he drew the will. He was a constant visitor at the house and was there with him frequently.'

"By this statement we offered to show at least that this Milton Bailey had loaned the testator money on the day he drew the will. That he had been a constant visitor there, had an opportunity to influence him, and was one of the beneficiaries named in the will. In fact he and another cousin were to receive the bulk of the estate.

"*In re Loree's Estate*, 158 Mich. 372:

" 'While the burden of proof in contesting a will is on the contestants, a verdict should not be directed where undue influence is inferable from all the surrounding circumstances.'

"*Andrews* v. *Lavery*, 159 Mich. 27:

" 'Undue influence is largely a matter of inference from facts and circumstances, including the character, disposition and mental condition of the person influenced, and the opportunity to influence him.'

"Clearly we feel that had the evidence been adduced along the line of the opening statement of the counsel in this regard we would come clearly within the last two decisions cited, as to undue influence. In cases of this kind it is almost impossible to get direct evidence of undue influence, for the person who exercised it will not acknowledge it, and the party on whom it was exercised is gone. Therefore as stated in the case of *Rivard* v. *Rivard*, 109 Mich. 111 (63 Am. St. Rep. 566):

" 'Every person will naturally say that some good reason must be found to account for such a disposal of a large property by a parent. Undue influence is not exercised openly. Like crime it seeks secrecy in which to accomplish its poisonous work. It

is largely a matter of influence from facts and circumstances surrounding the testator, his character and mental condition as shown by the evidence, and the opportunity possessed by the beneficiary for the exercise of such control.' "

A reference to the cases cited by counsel will show that the instant case falls far short of those cited. There is no pretense that Mr. Bailey was not competent to do such business as he was called upon to do, and there was no offer made to show that any one influenced or attempted to influence him in making the will that was made.

We think the verdict was properly directed. See *In re Haslick's Estate,* 195 Mich. 438 (Ann. Cas. 1918D, 466), and *In re Doty's Estate,* 212 Mich. 346, and the many cases cited in the last-named case.

Judgment is affirmed, with costs to the appellees.

STEERE, C. J., and FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.