[Civ. No. 6560.   Third Dist.   Dec. 19, 1941.]

RAY FRATES, Respondent, v. A. R. GHIRARDI, Appellant.

Butler, Van Dyke & Harris for Appellant.

William A. White for Respondent.

THOMPSON, Acting P. J.—This is an appeal from an order granting a new trial after a judgment had been rendered in favor of the defendant in an automobile casualty case. The new trial was granted because of the failure by the court to give to the jury an instruction offered by plaintiff under section 586.5 of the Vehicle Code to the effect that a tow car while engaged in rendering assistance to another vehicle is required to display warning signals on the highway when his machine is thereby obstructing any portion of the highway. No similar instruction was given to the jury.

The defendant owned and operated a tow car in connection with his garage in Truckee. On September 27, 1939, at eight o'clock in the evening, he was engaged with his tow car in rendering assistance to a disabled machine on the westerly side of the highway two and one-half miles south from Cisco Grove in Nevada County. It was then dark. At that point the highway extends in a slight curve northerly and southerly. At the time of the accident the tow car was parked on the westerly side, parallel with the highway, within eight feet of the westerly edge of the paved portion. His headlights were burning. He was then engaged in attaching his tow car to the disabled machine. His machine was on the left side of the paved portion, headed toward the approaching traffic on that side of the roadway.

The plaintiff was riding as a guest in an automobile which was being driven by Willis T. Deilaney southerly along that highway. As he approached the scene of the accident Deilaney was blinded by the headlights of the tow car. He was driving on his proper side of the paved portion at the rate of about forty or fifty miles an hour. He was confused when he suddenly observed the headlights of the tow car on his right. He thought the car was approaching on its proper side of the highway, and he turned to his right to pass that car. When his tires ran off the paved portion he realized that the tow car was parked or traveling on the westerly side beyond the paved portion. He suddenly swerved back to avoid striking the parked automobile and lost control of his machine, skidding across the pavement and overturning behind the tow car, seriously injuring the plaintiff.

This suit for damages was commenced against the driver of the tow car. The complaint contained two causes of action. The first cause charged the defendant with negligence

in parking his car on the left side of the highway near the paved portion, headed toward approaching traffic, with his headlights burning. The second cause charged the defendant with negligence consisting of parking his tow car while he was engaged in assisting a disabled automobile on the highway near the paved portion in such a manner as to obstruct a portion thereof, without placing warning signals thereon, as provided by section 586.5 of the Vehicle Code. The cause was tried with a jury. The jury returned a verdict against the plaintiff. Judgment was rendered accordingly.

The court granted plaintiff's motion for a new trial on the ground that his proposed instruction Number 7 was erroneously refused. No other similar instruction was given to the jury. That instruction was drawn in the language of section 586.5 of the Vehicle Code, and includes the definition of a "highway" found in section 81 of the Vehicle Code. The rejected instruction reads in part:

"Every tow car or motor vehicle used for the purpose of rendering assistance to other vehicles shall . . . when rendering aid or assistance to any vehicle on the highway and such rendering of assistance necessitates the obstruction of any portion of the highway . . . [place warning signals on the highway of a character and in the manner described in the act and according to the rules of the Motor Vehicle Department].

"You are further instructed that there is an 'obstruction of any portion of the highway' within the scope of such law when, in the course of a tow car or other motor vehicle rendering assistance to a disabled vehicle, it becomes necessary for either of said vehicles to obstruct any way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel."

From the order granting a new trial the defendant has appealed.

The question on appeal is: Was the plaintiff prejudiced by the refusal to give to the jury the foregoing instruction?

We are of the opinion the plaintiff was prejudiced thereby, and that the trial court properly granted a new trial on that account.

The plaintiff certainly relied on his second cause of action which charged the defendant with negligence in failing to

place upon the highway warning signals as required by section 586.5 of the Vehicle Code, while his tow car was engaged in rendering assistance to a disabled machine, in the process of which the vehicles were obstructing a portion of the highway. The third paragraph of that section reads:

"The operator of such a motor vehicle used for the purpose of rendering assistance to other vehicles shall, when the rendering of assistance necessitates the *obstruction of any portion of the highway,* place warning signals on the highway in such a manner as the department may prescribe." (Italics added.)

Section 81 of the same code defines a highway as "a way or place *of whatever nature,* publicly maintained and *open to the use of the public for purposes of vehicular travel.*" (Italics added.)

The plaintiff specifically pleaded the violation of the statute which might constitute negligence *per se.* His attorney told the jury in his opening statement of the case that he relied on that charge and expected to prove that the defendant obstructed a portion of the highway in assisting a disabled automobile and failed to place the warning signals as required by law. Two witnesses testified that no warning signals were placed at the scene of the accident. Mr. Deilaney was asked, "Q. As you came down the road, . . . were there any warning signals of any kind on the road?" to which he replied, "There was not." Catherine Delianey was asked, "Q. Did you or did you not observe any flares or signs or lights along the road immediately preceding the tow truck?", to which she replied, "There were none." The plaintiff fortified his reliance on that issue by offering the challenged instruction, which was refused. The question as to whether the defendant violated the provisions of section 586.5 was a direct issue at the trial of the case.

█ Section 83 of the Vehicle Code defines "roadway" as "*that portion of a highway improved, designed or ordinarily used for vehicular travel.*" (Italics added.) The definition of "highway" (sec. 81, Vehicle Code) is clearly distinguishable from that of "roadway." There is no ambiguity in the distinction between these portions of a right of way. "Roadway" is restricted to the paved, improved or maintraveled portion of the right of way (sec. 83, Vehicle Code), while "highway" includes that space "*of whatever nature*

. . . open to the use of the public for purposes of vehicular travel," (sec. 81, Vehicle Code) as well as the paved, improved, or main-traveled portion of such right of way. Clearly, then, the language of section 586.5, which provides that a tow car when rendering assistance to a disabled machine thereby obstructs *"any portion* of the *highway"* shall place warning signals, etc., is not susceptible of such a construction as to restrict "highway" to the paved, improved, or main-traveled portion of the right of way. If the legislature had intended to limit the duty on the part of the operator of a tow car in the placing of warning signals, only when the tow car obstructed the paved, improved, or main-traveled portion thereof, it would have been a simple matter to have so plainly stated. Section 584 of the Vehicle Code, pertaining to vehicles which become disabled while on the highway (an emergency situation) clearly designates "the paved or improved or main-traveled portion" in designating that part of the highway intended.

We conclude that "highway" within the meaning of section 586.5 is not restricted to the main-traveled portion of the right of way. ■ It does not necessarily follow that the tow car was an obstruction of a portion of the highway within the meaning of section 586.5. This is a question for the jury and their conclusion is dependent upon a consideration of the language of section 81 of the Vehicle Code "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." It is possible that the jury might conclude that this portion of the highway, eight feet from the concrete area, is not to be considered "a way or place . . . open to the use of the public for purposes of vehicular travel." The condition and location of this particular portion of the roadbed is an important consideration in this respect. It should be stated, however, that the tow car was parked in an open stretch of the right of way and not in a space provided for viewing the scenery.

■ Plaintiff's instruction Number 7, embodied the language of section 586.5 of the Vehicle Code, and, as stated, also included the definition of "highway" found in section 81 of that code. The instruction was properly drawn so as to present the issue to the jury. If the jury concludes that defendant's tow car was parked upon the "highway" within

the meaning of said section 81, the physical presence of the tow car would be an "obstruction" within the meaning of section 586.5, and the only remaining consideration for the jury would be the question as to whether the failure to place "warning signals" as required by said section (negligence *per se*) constituted the proximate cause of the accident.

For the reasons heretofore assigned the new trial was properly granted.

The order is affirmed.

Tuttle, J., concurred.

ROSS, J. pro tem., Dissenting.—I dissent from the majority opinion herein.

By its special verdict in this case the jury found that the defendant was not negligent in the parking of his tow car, and a general verdict was expressly waived and judgment entered in favor of defendant. The motion for a new trial was granted solely because of the failure to give said Instruction No. 7, and the question here is, as stated by appellant in his opening brief:

"In a case where a tow car rendering assistance to a disabled vehicle was doing so off the traveled portion of the highway, within an area exclusively maintained, used and intended for parking purposes, without either actually obstructing the free flow of travel along the highway or necessitating any such obstruction, was it proper to instruct a jury concerning the law requiring placing of warning signals by a tow car rendering assistance under conditions necessitating an obstruction of the highway?"

Respondent contends that, notwithstanding the tow car was off the main traveled portion, it was on the highway, and that whether or not it was obstructing the highway was a question for the trial court. Any contention that the tow car was obstructing the highway by its lights only was determined adversely to respondent by the verdict of the jury.

Admittedly "highway" means "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel" (sec. 81, Vehicle Code) while "that portion of a highway improved, designed or ordinarily used for vehicular travel" is the "roadway" (sec. 83, Vehicle Code).

The tow car was on the highway, but it was not obstructing any portion of the highway as contemplated by section 586.5 of the Vehicle Code. It was occupying space, but so would any vehicle, tow car or otherwise, which might lawfully park in said space while the occupants viewed the mountain scenery. If a car lawfully parked in the parking space has a flat tire and another pleasure car parks near it and the occupants assist in changing the tire on the first car, there would be no obstruction of the traffic. Under the same circumstances, however, the majority opinion would mean that a mechanic in a tow car would have to put out his warning signals before he changed the tire.

Section 586.5 of the Vehicle Code is contained in chapter 13 of division IX, which chapter is entitled, "Stopping, Standing or Parking," and is devoted to offenses which come under that heading. Among other things vehicles are prohibited from parking on the paved or improved or main traveled portion of the highway (sec. 582, Vehicle Code). Exception is made for a disabled vehicle (sec. 584, Vehicle Code), a tow car for which proper warning signals have been placed (sec. 586.5, Vehicle Code) and a commercial vehicle, disabled, and for which proper flares or signals have been placed (sec. 590, Vehicle Code).

The provision for warning signals in section 586.5 therefore applies only to cases where, without them, the tow car would be illegally parked, and the "obstruction of any portion of the highway" in said section has reference to such illegal parking.

In this case the tow car was parked with its nearest part at least eight feet from the edge of the pavement or main traveled portion of the highway. Conceding that it was taking up space on the highway, it was not obstructing any portion of the highway within the meaning of section 586.5 of the Vehicle Code. Instruction No. 7, concerning said section 586.5, was inapplicable to the facts here and was properly refused and the order granting a new trial was erroneous, and should be reversed.

A petition for a rehearing was denied January 17, 1942. Ross, J. pro tem., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1942.