**HOMMEL v. SOUTHWESTERN GREY-HOUND LINES, Inc., et al.**

**No. 14757.**

Court of Civil Appeals of Texas.
Fort Worth.

June 21, 1943.

Frank B. Tirey and C. S. Farmer, both of Waco, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Scott & Wilson, of Waco, for appellees.

SPEER, Justice.

Plaintiff, Mrs. Mary Hommel, for herself and as next friend for her two minor children, filed this suit against defendants, Southwestern Greyhound Lines, a corporation, and James Ligon, for damages growing out of a collision between the motor bus of the corporation, in the custody and control at that time of defendant Ligon, and the automobile of her husband Fred Hommel; who was killed in the accident.

The appeal was occasioned by an order of the trial court sustaining special exceptions to the petition, and upon plaintiff's refusal to amend, the suit was dismissed at plaintiff's cost. Hence, plaintiff is appellant and defendants are appellees in this court.

Appellant seeks a reversal upon the single point, which in effect is: Error of the trial court in sustaining appellees' special exceptions to the petition and in dismissing the suit when appellant refused to further amend.

The point of error is discussed under two applicable subdivisions. In substance they are: (a) the exceptions should not have been sustained because, under the applicable statutes, it was alleged that the bus was parked in violation of law, without flares, and therefore the action was based upon negligence per se; and, (b) the petition and trial amendment contained sufficient allegations to show a cause of action

at common law, even though the special exceptions were properly sustained.

After a thorough study of the record before us we have concluded that the first contention (a), above, is without merit, but that the second contention (b) should be sustained.

Appellant's trial pleadings are rather lengthy and to confine this opinion to a reasonable length we can only refer briefly to the pertinent parts involved here. The first three paragraphs cover four pages in the transcript and are devoted to formal allegations upon which subsequent averments were made—such as that the corporation was operating a passenger bus on Highway No. 81; that Ligon, the driver, was the agent of the corporation; that the highway where the collision occurred is more than fifty feet wide and improved with a concrete slab twenty feet wide, and that "immediately west and adjacent to the concrete slab said highway is improved with a hard substance consisting of gravel which has been rolled and packed so that said graveled portion of said road is even and flush with said concrete portion of said road; that said gravel and/or hard substance immediately west of said concrete slab is of the same color as the concrete portion of said road, and that said gravel and/or hard substance * * * extends for a distance of more than fifty feet west of said concrete slab; * * * persons approaching said point * * * are unable to discern the boundary line between the concrete portion or (and) the graveled or hard surface portion of said road." No exceptions were presented to these three first paragraphs.

Paragraph four contains allegations that Ligon "negligently, unlawfully and carelessly stopped said bus and left it standing upon the improved and main traveled portion of said highway, three to five feet west of the concrete portion of said highway * * *" for approximately 45 minutes, when it was possible for him to have parked it off the paved, improved and main traveled portion without placing flares at any place in the area. The portion of the allegation above quoted was sufficiently excepted to upon the ground that the allegation showed upon its face that the statutory provision, under which appellant sought to show negligence per se, was not applicable.

Paragraphs five and six of the petition assert negligence because the bus was stopped or parked in the place above mentioned in violation of Section 9-a of Article 827a of Vernon's Ann.Penal Code requiring flares to be placed at specified places, and in violation of Section 10 of said Article 827a of the Penal Code when it was possible to park elsewhere, and quotes at length the respective sections of the Code. The exceptions were leveled at these allegations because the affirmative allegations of appellant disclosed that the bus was not parked upon "the main traveled portion of any highway" as contained in said section 9-a of Article 827a, supra.

Paragraph eight of the petition is substantially the same, in an abreviated form, as five and six, above referred to, and yet another exception was presented to that paragraph upon substantially the same grounds.

██ Paragraphs nine, ten and eleven present the same allegations in short form, as previously set out, and exceptions similar to those mentioned above were presented. We hold that the special exceptions referred to were properly sustained by the trial court. It has frequently been held in this state, and in other jurisdictions having statutes similar to ours, that "the main traveled portion of any highway" means that portion commonly used for vehicular traffic and if, as in this case, there is a concrete or similar pavement provided for such use, the Penal Code, supra, is applicable only to that part of the highway. Jackson v. Edmondson, Tex.Civ.App., 129 S.W.2d 369, reversed on other grounds, but above holding approved by Supreme Court, 136 Tex. 405, 151 S.W.2d 794; Ligon v. Hommel, Tex.Civ. App., 189 S.W.2d 23. Last cited case was the venue trial of the same case now before us. See also Mlynar v. A. H. Merriman & Sons, 114 Conn. 647, 159 A. 658; Ketchum v. Pattee, 37 Cal.App.2d 122, 98 P.2d 1051.

■ Seventh paragraph of the petition alleged in substance that defendants were negligent in that the driver, Ligon, immediately before the collision stood near the rear of the bus on or near the concrete slab, "waiving his hands, and that such waiving tended to confuse and did confuse motor cars traveling south, and said waiving by defendant driver especially confused the said Fred Hommel, deceased, and caused him to think that there was some person or object on the concrete slab and caused the said Fred Hommel to swerve his car to the right and collide with the rear of said motor bus, * * *." Sixth special exception complained of the allegation of the seventh paragraph of the petition which alleged that "such waiving tended to confuse motor cars traveling south" because, it is claimed in the exception, "such allegation does not set forth with particularity what motor cars were confused." We think the allegation was sufficiently specific to show that deceased was confused by the acts of Ligon. The exception as presented should not have been sustained, but with the view we take of the whole case, that ruling alone would not require a reversal of the judgment.

We come now to the second contention of appellant, that is, the petition and trial amendment contain sufficient allegations, not excepted to, to state a cause of action at common law.

It has already been made to appear that certain allegations were not covered by special exceptions; some of those not previously mentioned are now pointed out. In paragraph eight it is alleged that defendants were negligent, proximately causing the death of Fred Hommel "in that they failed to exercise due care for the safety of the public in general, using said highway under the conditions that they were using same, and at the time and place in question, and particularly the said Fred Hommel, deceased." (Those parts to which exceptions were properly sustained are omitted.) And continuing to quote: "And that defendant corporation, its servants, agents and defendant driver of said motor bus failed to keep and maintain a proper lookout for the public gen-erally using said highway at the time and place in question, and particularly the said Fred Hommel, deceased, who was killed at the time he collided with said motor bus."

In paragraph 12 of the trial petition, none of which was excepted to, we find these allegations: "Plaintiff would further show to the court that in addition to and cumulative of all the acts of negligence on the part of defendants, and each of them, hereinbefore set out, that defendants and each of them were, at the time and on the occasion in question, guilty of the following specific negligent acts and/or omissions:

(Subdivision (a) is a shorthand allegation of a failure to place flares in front of and behind the bus, as required by section 9-a of Article 827a, Texas Penal Code, to which specific allegations the court sustained special exceptions as above pointed out.)

"(b) The defendants, and each of them, at the time and on the occasion in question, parked said bus upon said highway without placing any signal or other warning to the front, rear, or either side of said bus that would be discernible to the traveling public;

"(c) The defendants, and each of them, parked said bus on said highway at the time and on the occasion in question, at a place where one approaching said bus from the north (the direction from which it was alleged deceased came) could not discern or know whether said bus was parked on the concrete slab or highway, or other improved or traveled portion of said highway;

"(d) The defendants, and each of them, parked said bus, at the time and on the occasion in question, at such close proximity to the concrete portion of said highway, so as to prevent plaintiff's husband, and other persons traversing said highway, from discerning the location of said bus with reference to the concrete portion of said highway;

"(e) The defendants, and each of them, parked and left standing said bus at the time and on the occasion in question, upon

the paved, improved and main traveled portion of said highway.

"(f) The defendants, and each of them, parked and left standing said bus at the time and on the occasion in question, and at night time, in a direct line of traffic moving in a southerly direction upon said highway."

During the hearing on exceptions, the appellant procured consent of the court and filed a trial amendment, which was not excepted to. It reads:

"Now come the plaintiffs in the above entitled and numbered cause, and with leave of the court first had and obtained, files this, their First Trial Amendment, and for such Trial Amendment, say:

"That the bus in question was constructed of a steel or metal back; the rear of the bus was steel or metal, and that plaintiff's husband approached this bus from the north, so that the back of the bus was facing plaintiff's husband; that the defendants, and each of them, were guilty of negligence in failing to have the bus sufficiently lighted, so as to emit rays from the windows, or any portion of the bus, that were discernible to the plaintiff's husband, at the time and on the occasion in question; and that such negligence was the cause, or contributed to, the collision herein, in question."

Filed in this court is a fifty-page transcript of "stipulations of facts" composed of facts agreed upon between the attorneys of record, about forty-five pages of testimony given by three witnesses at a trial some months before on the venue hearing in another court, a photograph, and a sketch or drawing of the area involved, each attached as exhibits.

In the first paragraph of the court's order sustaining the special exceptions, omitting portions of the order, we find this language: "And the court after hearing argument thereon (the exceptions), and *stipulations of the parties in construction of the pleadings, * * *"* (our emphasis) the court then in appropriate words sustained the exceptions.

It may appear difficult to understand why the court needed the stipulations of the constructions placed on the pleadings by the parties, but it perhaps was helpful to the court in that the greater part of the petition sought recovery because of asserted negligence by appellees in violating the provisions of the Penal Statutes above mentioned.

If the stipulation could be said to be material for the reason mentioned, that part hearing on the exceptions was in substance: that the bus in question, at the time of the collision, was parked from three to five feet west of the concrete portion of the highway where the collision occurred; that the concrete portion was 20 to 22 feet wide, and immediately west of the point where the bus stood there was a graveled area extending about fifty feet west from the concrete slab, and that the graveled area extended out to a filling station. However the petition substantially alleged these matters, and they were not excepted to in any form; we cannot see that the stipulation added anything to the legal effect of the pleading in this respect. All of these allegations and "stipulated" facts are made plain by the plat attached as an exhibit.

■ It is proper to add however that the "stipulation" of facts enumerated was limited by the parties to a consideration by the court of the exceptions urged by appellees. In such circumstances they do not extend to any other portion of the pleadings, nor to what may or may not be established upon a trial on the merits of the case. 29 Tex.Jur. 285, § 6, and same text page 297, § 17.

■ It will be observed, we think, that appellant pleaded her case in a way to base her charges of negligence in two ways: (1) because of violations of penal statutory provisions, and (2) common law negligence, all growing out of the same transaction. Such pleadings are permissible even though they be inconsistent. Rule 48, Texas Rules Civil Procedure.

It is plain from the petition in this case that at the place where the accident happened at night, there is one of the State's great highways running north and south, containing a concrete slab about twenty feet wide, constructed for the main vehicular traffic thereon. It is equally clear that at

this particular place there was much more than the common gravel shoulder alongside the concrete slab as is seen in most instances; there is a graveled hard surface on the west side of the slab ranging from fifteen feet wide at its north end to fifty feet in width at point about 200 feet south and opposite a filling station; that this graveled area continues south of the filling station approximately 300 feet gradually reduced in width to the normal gravel shoulder of about eight feet. Certainly this graveled area west of the slab is not what Article 827a refers to as "the main traveled portion" of the highway, but a practical and common sense view of it forces the conclusion that it is an area where the public is invited to approach the filling station from any part of the highway in that immediate vicinity and is suitable for vehicular traffic for those so choosing to use it. Moreover, the parties agreed by the terms of the plat exhibit that an "access" gravel road intersects the highway approximately 200 feet north of the filling station and that there are two "turnout" roads or ways from the graveled area to the access road between the intersection and the filling station, and further there is another "access" gravel road leading into the graveled area approximately 50 feet south of the filling station; the north half of the graveled area lies between those two "access" graveled roads on the west side of the main highway. Vehicles passing from one of these access graveled roads to the other would use the graveled area if they used the most direct route between the two roads, which are about 250 or 300 feet apart at that point.

■ Conceding that appellees did not violate the Penal Code in the respects charged in the petition, they nevertheless had a common law obligation to use reasonable or ordinary care in parking the bus as they did in the graveled area, above described, to prevent injury to other persons and their property, who had the same right to use the area as did the appellees.

■■ In Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 1, pages 507, 508, § 701, this is said: "Where no statute is applicable or where the statute concerning signaling is merely an enactment of the common-law duty in that respect, the question of whether the duty to give a signal warning of the approach of an automobile exists must be determined from the circumstances of each case." The apparent further liability there announced in the text is that under the common-law rule the obligation of one driving or stopping his automobile on or near a highway, or other place where other motorists have equal rights, is to use reasonable care to avoid a collision of his own car with another, as well also to prevent the automobile of another person from colliding with his own. This is the rule as we gather it from the summation of authorities in other jurisdictions, as shown by annotations in 111 A.L.R. p. 1516; the last cited authority seems to lay stress upon the fact that each case is to be determined from the facts and circumstances involved.

■ In 45 C.J. 637, the matter of illegality of alleged wrongful acts is discussed and this language is used: "It is not necessary to constitute actionable negligence, that the act or omission complained of should have involved any element of illegality, and consequently, one cannot avoid a charge of negligence merely by showing that the act or omission complained of was, of itself, lawful and not violative of any statute or ordinance." Illustrative of the above quoted rule, the same text at page 643, et seq., discusses conditions under which non-contractual duties of one person to another are involved and refers to common-law liability such as where one is using or operating dangerous instrumentalities and his responsibilities to others with respect thereto.

Cobb Brick Co. v. Lindsay, Tex.Civ.App., 277 S.W. 1107, involved an injury sustained by one riding a motorcycle when the driver of a large truck was charged with having failed to signal in any way that he contemplated changing the course of his vehicle. It appears that a penal statutory provision was not taken into consideration in the trial court's definition of negligence, and the appellate court announced the common-law obligation in this respect to be, substantially, that one operating a large

truck on the streets, capable of inflicting serious injury to persons and property, is under obligation to others having equal rights to use the streets, to exercise ordinary care in giving signals to indicate the direction the vehicle will turn or move, so as to give others a chance to protect themselves, and a failure to use such ordinary care, under those circumstances, is negligence.

In Tarry Warehouse & Storage Co. v. Price, Tex.Civ.App., 76 S.W.2d 162, writ of error dismissed, this court held that where the operator of a truck, accompanied by a helper, stopped his truck partly on the paved and traveled portion of the highway because of engine trouble, and the helper was injured by another truck colliding with the rear end of the one on which he was working, while attempting to remedy the defect, although the disabled truck may have been stopped on the highway in violation of the Penal Statute, it was for the jury to determine, under the circumstances, whether or not the injured man was guilty of contributory negligence.

Not precisely in point but persuasive of the rule contended for by appellant in this case is the holding in Bailey v. Walker, Tex.Civ.App., 163 S.W.2d 864, writ refused, want of merit. There a truck was parked entirely off the main traveled portion of the highway and was involved in a headon collision with an opposite bound automobile. The injured party alleged negligence in the truck owner for having failed to put out flares warning of the presence of his truck. His lights were burning, but it was alleged that they blinded the driver of the on-coming car, whereas, it was charged that flares or other such signals would not have done so. Clearly

there was no violation of the Penal Statute in failing to put out the flares for the truck was off the main traveled portion of the highway, but the trailer part of the long truck was not parallel with the cab or tractor portion. It was held that whether or not it was negligence for the truck owner to fail to put out signals to warn others using the highway was a question for jury determination.

We should bear in mind that the trial court sustained the special exceptions as above pointed out, and when appellant refused to *further* amend her pleadings, the case was dismissed. She did in fact file a trial amendment, as above pointed out, to which no exception was urged.

In the absence of special exceptions to those allegations previously mentioned in this opinion, we think they stated a cause of action for common-law negligence, and the court should not have dismissed the case because appellant did not further amend her pleadings, although all but one of the special exceptions had been properly sustained; we think the elimination of the parts of the pleading excepted to did not destroy appellant's right to a trial of the case on her remaining pleadings, which stated common-law negligence, coupled with allegations, in another part of the pleadings, of proximate cause.

In view of the nature of the pleadings of appellant as hereinabove indicated and under the cited authorities, we hold that the trial court committed reversible error in dismissing the case because appellant refused to further amend her pleadings, after the court had sustained the special exceptions pointed out. The judgment of the trial court is ordered reversed and the cause remanded for trial.