BALLINGER *v.* SMITH.

1. TRIAL—DIRECTED VERDICT—OPENING STATEMENT.
   A motion for a directed verdict may be based on the opening statement of counsel.

2. SAME—DIRECTED VERDICT—CONSTRUCTION OF OPENING STATEMENT.
   An opening statement must be construed in the light most favorable to the party litigant against whom the motion for directed verdict, based thereon, is directed.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADINGS—OPENING STATEMENT—STIPULATIONS.
   The sufficiency of the declaration is in issue on appeal where the parties stipulated that the defendant's motion for directed verdict was based on the pleadings of record and on file and upon the plaintiff's opening statement and trial court directed the verdict accordingly.

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 11] 53 Am Jur, Trial, § 371 *et seq.*
[1–3, 11] Direction of verdict on opening statement of counsel. 83 ALR 221; 129 ALR 557.
[2] 53 Am Jur, Trial, § 378; 3 Am Jur, Appeal and Error, § 945.
[4, 9–12] 5 Am Jur, Automobiles, §§ 334, 337, 340.
[4, 9–12] Stopping without lights as negligence toward driver of vehicle proceeding in the same direction. 24 ALR 510; 47 ALR 706; 62 ALR 972; 104 ALR 507.
[4, 9–12] Negligence or contributory negligence in failing to set out flares or lights or station person to warn of motor vehicle stopped on or adjacent to the highway. 111 ALR 1516.
[4, 9–12] Negligence of one leaving automobile insufficiently lighted in street or highway as proximate cause of accident as affected by intervening negligence of third person not imputable to person injured. 116 ALR 1452.
[4, 9–12] Parking at improper place as affecting liability for automobile accident. 73 ALR 1074.
[5–7, 9, 10] 50 Am Jur, Statutes, §§ 223, 224, 303–308.
[6, 8] 50 Am Jur, Statutes, § 377.
[7] 50 Am Jur, Statutes, §§ 301, 302.
[8] 50 Am Jur, Statutes, §§ 370, 371.

4. Same—Construction of Statutes—Automobiles—Parking—
Nighttime—Lights—Highways and Streets.

> Primary question at issue is one of statutory construction, where
> statute required lighting of parked vehicles upon a highway
> at night and plaintiff claimed that defendant had violated
> statute by failing to provide required lighting on tractor and
> trailer parked at night about 8 feet north of westbound lane
> of pavement on cinder-covered area in right of way between
> pavement and restaurant whereas defendant claimed lights
> were not required on vehicles parked off the main-travelled
> or wrought portion of the road (CL 1948, §§ 256.301, 256.348).

5. Statutes—Construction—Intent.

> A court, when construing a statute, must ascertain and give
> effect to the legislative intent and read the language used in
> the light of the general purpose sought to be accomplished.

6. Same—Construction—Doubtful Language.

> Doubtful language of a statute should be given a reasonable
> construction, looking to the purpose to be subserved by the
> statute, the object sought to be accomplished, and its occa-
> sion and necessity.

7. Same—Construction—Intent.

> A statute should be so construed as to effect its purpose, the
> spirit and intention prevailing over its strict letter.

8. Same—Construction.

> A statute that is open to construction at all will be so construed
> as to prevent injustice, if possible, and obviate absurd con-
> sequences.

9. Automobiles — Statutes — Parking — Highways — Night-
time—Lights.

> The purpose of the statute requiring vehicles parked on the high-
> way at night to display lights visible for 200 feet is to pro-
> tect traffic on the highway and results, also, in the protection
> of the parked vehicle (CL 1948, § 256.348).

10. Highways and Streets—Construction of Statutes—Auto-
mobiles—Parking—Nighttime—Lights—Protection of Traffic.

> The term "highway," as used in statute requiring lights on vehi-
> cles parked on the highway at night must be interpreted
> according to the purpose of the statute to protect traffic on
> the highway and was neither to be applied to the entire right
> of way nor to be restricted to the paved or main-travelled
> portion of the road but applied to that part or portion of
> the right of way adapted and maintained or intended for the

use of vehicular traffic in an ordinary and reasonable manner (CL 1948, § 256.348).

11. AUTOMOBILES — PARKING — NIGHTTIME — HIGHWAYS — LIGHTS —VIOLATION OF STATUTE.

Parking of trailer at night without lights some 8 feet north of and parallel to 20-foot pavement in middle of 100-foot trunk-line right of way in cinder-covered area level with pavement and in front of restaurant located about 50 yards north of pavement near intersection with inferior road may not be said, as a matter of law, to be not a violation of statute requiring display of lights on vehicles parked on highway at night; hence, defendant's motion for directed verdict, based on plaintiff's declaration and opening statement, was error, as the issue presentable by proofs may be a factual one or determinable by the court as a legal proposition if facts are not in dispute (CL 1948, § 256.348).

12. SAME—PARKING—NIGHTTIME—PROXIMITY TO PAVEMENT.

An unlighted trailer parked at night on cinder-covered area some 8 feet off, but parallel to 20-foot pavement in middle of 100-foot right of way of trunk-line highway may be in such proximity to the pavement as to be dangerous to traffic on the highway where pavement curved slightly to left beyond nearby intersection and traffic was such as to raise dust obscuring vision to some extent.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 5, 1950. (Docket No. 10, Calendar No. 44,666.) Decided June 5, 1950.

Case by Hazel Ballinger against Newell Smith and another, individually and doing business as Lafler Moving Company, for damages sustained when automobile in which she was riding ran into defendant's truck. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Russell V. Carlton* and *Edward J. Ryan,* for plaintiff.

*Goembel, White & Locke* and *N. A. Cobb,* for defendants.

CARR, J. Plaintiff brought this suit to recover damages for injuries claimed to have been sustained by her in a traffic accident which occurred on US trunk-line highway No 12 in Calhoun county, shortly before 2 o'clock in the morning of July 18, 1948. On the trial of the cause, following the selection of a jury and the opening statement of plaintiff's attorney, defendants moved for a directed verdict. The parties have entered into a stipulation, which appears in the record, reciting that such motion was based "on the pleadings of record and on file and upon the plaintiff's opening statement." An order was entered in accordance with the stipulation. The trial judge came to the conclusion that the motion was well founded, and directed a verdict accordingly. From the judgment entered for defendants pursuant to such verdict, plaintiff has appealed.

The declaration filed by plaintiff in the cause alleged that at the time in question she was riding in an automobile driven by her husband in a westerly direction on the highway; that said highway was paved; that on the north side thereof near the intersection of the trunk line and another highway was located a restaurant designated as the "Period;" that the trunk line curved to the south as it approached the intersecting road from the west; and that the restaurant in question was approximately 50 yards north of the north side of US-12. Plaintiff further alleged that between the restaurant and the north side of the highway was located a large parking space covered with cinders or other materials, well packed, extending to the edge of the paved portion of the highway. Prior to the accident defendant Smith, driving a tractor and trailer owned by the other defendant in a westerly direction on the trunk line, stopped near the restaurant, leaving the trailer off the concrete and approximately parallel to the pavement. The declaration further set forth that

because of vehicles running off the concrete portion of the highway there was such quantity of dust in the air as to obscure vision to some extent. Plaintiff's husband operated his car off the pavement, ran into the trailer, and plaintiff received the injuries for which she seeks to recover damages.

It was the claim of the plaintiff as set forth in her pleading that defendant Smith was guilty of negligence in leaving his trailer at the time and place mentioned without displaying a lamp or lamps on the left side of the vehicle projecting a white light for a distance of 200 feet to the front thereof, and a red light for a like distance to the rear. It thus appears from the declaration that plaintiff's claim as to the negligence of defendant Smith was predicated chiefly on an alleged violation of CL 1948, § 256.348 (Stat Ann § 9.1608), hereinafter quoted, in effect at the time of the accident. The provisions of the Michigan vehicle code, PA 1949, No 300, now in force, are not involved in the instant case. The pleading also averred that the trailer was parked upon the highway so close to the concrete portion thereof as to constitute a danger to traffic.

Defendants by answer denied negligence on the part of Smith, claiming that the trailer was left off the "wrought portion" of the highway, north of the concrete and the shoulder of the road, and within "well-lighted premises" of the restaurant. The answer admitted that there were no lights on the trailer, denying, however, any violation of the statute, or that the omission to have lights on the trailer was a proximate cause of the accident, and asserting that such cause was the negligence of plaintiff and her husband.

The record indicates that a motion to dismiss the case was made by defendants on the ground that the declaration did not allege negligence on the part of defendant Smith. Thereafter, by stipulation of the

parties, the declaration was amended in such manner as to charge that defendants had violated a regulation of the Michigan public service commission that any motor vehicle engaged in the transportation of passengers or property on the public highways of this State and stopping upon the paved or traveled portion of any highway between sundown and sunrise, other than when required to do so by law, shall immediately display lights in the manner and of the character set forth in the regulation.

Plaintiff's attorney in his opening statement to the jury said in substance that proofs would be introduced to support the averments of fact, above referred to, set forth in the declaration. In referring to the place where the accident happened and the condition there existing, he said in part:

"We will show you that the highway at this point consists of 100-foot right of way, in the middle of which there is a 20-foot pavement which is divided into 2 ten-foot lanes; that outside of the pavement on either side there is a 12-foot shoulder which is gravel, improved, and up level with the edge of the pavement so that if you go off the edge of the pavement you run on a smooth surface,—you don't drop down.

"We will show you that at the time of this accident it was in that condition. We will show you that as you proceed west toward this Period restaurant, that as the road starts to turn to the south, the shoulder is enlarged. The line of the gravel-improved portion north of the pavement broadens out and goes up north to the gas pumps and the lunch room and so on. That this whole apron is improved with gravel and cinders and comes up level with the pavement and there is no drop-off as you leave the pavement.

"We will show you that on this particular evening there was traffic both ways on the road and that from time to time the drivers of vehicles passing around, along, this curve would go off on to the shoulder and

back on to the highway and that there was dust in
the air at that place occasioned by this going out on
the shoulder by automobiles."

Counsel further stated that as the driver of plaintiff's car approached the Period restaurant he saw
a truck parked off the pavement with flares indicating its position, and that he also saw coming from
the opposite direction the headlights of 2 automobiles, one of which was apparently attempting to
pass the other. The claim was made that the Ballinger car was driven off the pavement and upon the
shoulder of the road as a matter of precaution, and
that the driver did not see the trailer, which was approximately 8 feet from the edge of the pavement,
prior to the impact.

This Court has recognized that a motion for a directed verdict may be based on the opening statement of counsel. *In re Bailey's Estate,* 213 Mich 344.
In determining a motion for a directed verdict based
on the proofs the evidence must be construed in a
light favorable to the party litigant against whom
the motion is directed. The opening statement of
counsel must be construed in like manner. However,
under the stipulation of the parties and the order of
the trial court thereon, the sufficiency of the averments of the declaration is also in issue.

The record discloses that the ruling of the trial
judge was based primarily on his conclusion that the
statute, above cited, requiring lights on parked vehicles in certain instances, did not apply to defendants' trailer in view of its admitted position. Said
section, by reference to section 44,* related to displaying of lights on vehicles parked an a highway
during the period from one half hour after sunset to
one half hour before sunrise, and at other times when
there was not sufficient light to render clearly dis-

---

* CL 1948, § 256.344 (Stat Ann 1947 Cum Supp § 9.1604).—REPORTER.

cernible any person on the highway at a distance of 500 feet. It read as follows:

"Whenever a vehicle is parked or stopped upon a highway whether attended or unattended during the times mentioned in section 44 there shall be displayed upon the left side of such vehicle 1 or more lamps projecting a white light visible under normal atmospheric conditions from a distance of 200 feet to the front of such vehicle and projecting a red light visible under like conditions from a distance of 200 feet to the rear, except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local ordinances upon a highway where there is sufficient light to reveal any person within a distance of 200 feet upon such highway."

It is plaintiff's claim that defendants' trailer was parked on the "highway" within the meaning of the term as used in the quoted section. Defendants insist that such was not the fact and that the statute should not be construed as imposing the duty to display lights during the hours of darkness on a motor vehicle off the main-traveled or wrought portion of the road. It thus appears that the primary question at issue is one of statutory construction. CL 1948, § 256.-301 (Stat Ann 1947 Cum Supp § 9.1561) read, in part:

"Sec. 1. Definitions. The following words and phrases when used in this act shall for the purpose of this act have the meanings respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning: * * *

"(n) 'Street or highway.' The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

In construing the statute it is the duty of the court to ascertain and give effect to the legislative intent.

The language used must be read in the light of the general purpose sought to be accomplished. In *Smith v. City Commission of Grand Rapids,* 281 Mich 235, this Court in discussing applicable rules of interpretation said, in part:

"Where, however, the language of a statute is of doubtful meaning, the court should give it a reasonable construction looking to the purpose to be subserved thereby, *Attorney General* v. *Bank of Michigan,* Harr Ch (Mich) 315; *Bennett* v. *Michigan Pulpwood Co.,* 181 Mich 33, and the object sought to be accomplished, *In re Estate of Ticknor,* 13 Mich 44, and its occasion and necessity, *Bennett* v. *Michigan Pulpwood Co., supra; Sibley* v. *Smith,* 2 Mich 486. Such construction should be placed upon the statute as to effect its purpose. *People* v. *Stickle,* 156 Mich 557. The spirit and intention of the statute should prevail over its strict letter. *Stambaugh Township* v. *Iron County Treasurer,* 153 Mich 104. Ordinarily, if a statute is open to construction at all, it will be so construed if possible as to prevent injustice, *Attorney General, ex rel. Common Council of the City of Detroit,* v. *Marx,* 203 Mich 331, and obviate absurd consequences, *Attorney General* v. *Railway,* 210 Mich 227."

See, also, *Gardner-White Co.* v. *State Board of Tax Administration,* 296 Mich 225; *Zawacki* v. *Detroit Harvester Co.,* 310 Mich 415; *Webster* v. *Rotary Electric Steel Co.,* 321 Mich 526; *Roberts Tobacco Co.* v. *Department of Revenue,* 322 Mich 519.

The purpose of the statutory requirement that vehicles parked on a highway at night should display lights of the character specified is obvious. It was intended to protect traffic on the highway. Its application also resulted in the protection of a parked vehicle. The provision as to displaying lights must be interpreted accordingly. We are not impressed that it was the intention of the legislature that the term "highway" as used in the section in question

was intended to apply to the entire right of way. If so interpreted it would result in the imposition of unnecessary hardship in many instances. It will be noted that the statutory definition of the term is not a rigid one, but rather contemplates such an interpretation as is consistent with the context. On the other hand the application of the term is not necessarily limited, in a case of the character here involved, to the paved or main-traveled portion of the road. Had the legislature so intended, we think that the requirement as to lights would have been so expressed, as was done in other provisions of the motor vehicle law. A typical illustration is found in CL 1948, § 256.326 (Stat Ann 1947 Cum Supp § 9.1586), forbidding stopping, parking, or leaving standing, any vehicle upon the paved or main-traveled part of the highway when practicable to leave the vehicle off such part. We think the statute in question here must be construed as requiring the displaying of lights, during the period specified, on a parked vehicle left on that part or portion of the right of way adapted and maintained or intended for the use of vehicular traffic in an ordinary and reasonable manner. One parking the vehicle might reasonably have been held to anticipate such use.

Defendants call attention to the decision of this Court in *Goodrich* v. *County of Kalamazoo,* 304 Mich 442. There the plaintiff ran into a tree on the shoulder of the road, approximately 30 inches from the edge of the pavement, was injured, and brought suit against the county to recover damages. This Court reversed a judgment in plaintiff's favor, holding that it was not within the statutory duty of the county to maintain the shoulders of improved county roads in such manner as to render them "reasonably safe and convenient for public travel." The fact that the tree was left in the position indicated necessarily leads to the conclusion that the place that it occupied was

not designed or maintained for traffic. There was no violation of the statutory duty resting on the defendant county. The question there in issue is not analogous to that involved in the instant controversy.

Similar questions have arisen in other States and have been determined on the basis of the particular facts involved and pertinent provisions of the statutes. In *Mlynar* v. *A. H. Merriman & Sons, Incorporated,* 114 Conn 647 (159 A 658), defendant's truck was left standing on the dirt shoulder of the road, and plaintiff collided with it there. Plaintiff claimed that defendant violated a provision of the State statute declaring that no vehicle should be permitted to remain stationary on the traveled portion of the highway except upon its right side. It was held that the statute was not applicable because the shoulder was not a part of the highway intended for ordinary travel, nor was defendant guilty of obstructing the highway. The conclusion would seem to follow that had the proofs shown that the shoulder was in fact intended for use by vehicular traffic a different result might have been reached.

In *Perrotti* v. *Bennett,* 94 Conn 533 (109 A 890), plaintiff drove his motor truck off the paved portion of the road. A drain located therein gave way beneath the weight of his equipment, resulting in damage to the vehicle and its contents. It was held that the drain, as actually constructed and maintained, constituted a defect in the highway. The judgment in defendant's favor was accordingly set aside and a new trial ordered. In *Crouse* v. *Pugh,* 188 Va 156 (49 SE2d 421, 4 ALR2d 1242), the statutory provision involved required that pedestrians on highways should keep as near as reasonably possible to the extreme left side or edge of the highway. The plaintiff in the case was struck by defendant's automobile while walking, as he claimed, on the shoulder on the

right side of the highway. The majority of the court came to the conclusion that plaintiff was violating the statute, thus recognizing the shoulder as a part of the highway under the circumstances of the case.

In *Frates* v. *Ghirardi*, 48 Cal App2d 596 (120 P2d 82), the defendant, the operator of a garage, was engaged with his tow car in rendering assistance to a disabled vehicle located on the westerly side of the highway. His machine was off the paved portion of the road, facing approaching traffic on the west side. The headlights were functioning. Plaintiff was a guest passenger in an automobile being operated in a southerly direction along the highway. The driver apparently became confused, assumed that the headlights of the tow car were on a vehicle approaching on the proper side of the highway, and turned to his right. When his tires ran off the pavement he realized his error and suddenly swerved back to the left, losing control of his machine which overturned. A statute required any motor vehicle used for the purpose of rendering assistance to other vehicles on the highway to place warning signals in accordance with rules and regulations of the motor vehicle department of the State, when the operation necessitated the obstruction of any portion of the highway. The defendant's tow car was approximately 8 feet from the westerly edge of the pavement. It was held by a majority of the court that the term "highway" as used in the statute had a broader significance than "roadway" and included that space "open to the use of the public for purposes of vehicular travel," as well as the paved, improved, or main-traveled portion of the right of way. In reaching this conclusion it was said:

"If the legislature had intended to limit the duty on the part of the operator of a tow car in the placing of warning signals, only when the tow car obstructed the paved, improved, or main-traveled por-

tion thereof, it would have been a simple matter to have so plainly stated. Section 584 of the vehicle code, pertaining to vehicles which become disabled while on the highway (an emergency situation) clearly designates 'the paved or improved or main-traveled portion' in designating that part of the highway intended.

"We conclude that 'highway' within the meaning of section 586.5 is not restricted to the main-traveled portion of the right of way. It does not necessarily follow that the tow car was an obstruction of a portion of the highway within the meaning of section 586.5. This is a question for the jury and their conclusion is dependent upon a consideration of the language of section 81 of the vehicle code 'a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel.' It is possible that the jury might conclude that this portion of the highway, 8 feet from the concrete area, is not to be considered 'a way or place * * * open to the use of the public for purposes of vehicular travel.' The condition and location of this particular portion of the roadbed is an important consideration in this respect. It should be stated, however, that the tow car was parked in an open stretch of the right of way and not in a space provided for viewing the scenery."

See, also, *Beck* v. *Fond du Lac Highway Committee,* 231 Wis 593 (286 NW 64); *Miles* v. *General Casualty Company,* 254 Wis 278 (36 NW2d 66).

In the case at bar plaintiff's declaration and the opening statement by her attorney set forth the claim that defendants' trailer was on the shoulder of the road, that the shoulder was of such construction as to be suitable for vehicular traffic, and that it was in fact a part of the highway. Counsel also said that motor vehicles using the highway drove upon this shoulder, raising dust to such an extent as to constitute a hindrance to vision. Considering

the situation disclosed by the pleadings, and counsel's statement as to what the proofs on the part of the plaintiff would show, we do not think it can be said, as a matter of law, that defendants did not violate the statute by permitting the trailer to remain without lights at the time and place where it was struck by the automobile in which plaintiff was riding.

We think that plaintiff is entitled to put in proofs relating to the situation existing at the time of the accident. If this is done the specific question at issue may be for determination as a factual matter, or, if there is no dispute as to the facts, for determination by the court as a legal proposition. See *Stockfisch* v. *Fox,* 275 Mich 630; *Buttermore* v. *Faleris,* 304 Mich 294; *Shaver* v. *Associated Truck Lines,* 322 Mich 323. The evidence in the case may also require determination of plaintiff's claim based on the alleged negligence of defendants in leaving the trailer in such proximity to the pavement as to be dangerous to traffic on the highway. *Hommel* v. *Southwestern Greyhound Lines* (Tex Civ App 1946), 195 SW2d 803.

On the record before us the cause must be remanded to the circuit court, with directions to set aside the judgment entered and to grant a new trial. Plaintiff may have costs.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Bushnell, and Sharpe, JJ., concurred.