HOOPINGARNER *v.* TUCKER FREIGHT LINES, INC.

OPINION OF THE COURT.

1. AUTOMOBILES—HIGHWAYS AND STREETS—PARKING—LIGHTS—CONSTRUCTION OF STATUTES.

The phrase "on the highway" used in the statute requiring vehicles parked thereon to display lights *held,* not to include the whole right-of-way and not to be limited to the paved or main traveled portion of the road, but to mean that portion of the right-of-way adapted and maintained or intended for the use of vehicular traffic in an ordinary and reasonable manner (CLS 1961, § 257.694).

2. SAME—NEGLIGENCE—UNLIGHTED PARKED CAR—NIGHTTIME.

Trial court's determination in nonjury case that plaintiff owner of automobile, which was unlighted when damaged in the nighttime while parked on the berm of a highway when struck by truck owned by defendant, failed to prove actionable negligence on the part of the driver of defendant's semitrailer *held,* adequately supported by the record (CLS 1961, § 257.694).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 235.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 816, 825 *et seq.*
    Liability for collision on ground of absence or insufficiency of lights on parked or standing motor vehicle. 21 ALR2d 95.

3. AUTOMOBILES—HIGHWAYS AND STREETS—PARKING.

   *Plaintiff's action in parking his vehicle off the pavement on 10-foot graveled berm without lights or other warning device held, not to be proximate cause of accident which occurred when defendant's truck struck plaintiff's parked vehicle during a snowstorm (CLS 1961, § 257.694).*

Appeal from Hillsdale; McIntyre (Robert W.), J. Submitted Division 2 December 8, 1966, at Lansing. (Docket No. 1,032.)   Decided March 28, 1967.

Declaration by Alton Hoopingarner against Tucker Freight Lines, Inc., an Indiana corporation, for damages to his automobile sustained when it was struck by a truck belonging to defendant.   Cross complaint by defendant against plaintiff for damages to its truck.   Judgment of no cause on the declaration, and judgment for defendant on the cross claim.   New trial denied.   Plaintiff appeals. Affirmed.

*Dimmers & Moes* (*Lewis I. Loren,* of counsel), **for** plaintiff.

*Lucien D. Walworth,* for defendant.

T. G. KAVANAGH, P. J.   The defendant's semi-trailer collided with plaintiff's car which was parked alongside the traveled portion of US 12, near Quincy, Michigan about 3:30 a.m., October 26, 1962.

Defendant's driver testified that he was driving his rig at approximately 45 miles per hour and although it had snowed considerably the highway was relatively bare.   He estimated his vision at the time at about 100 feet, and also stated that under normal conditions it would take 100–150 feet to stop his rig

loaded as it was, traveling at the speed he was driving. He testified he did not see the plaintiff's car until he was but 25–30 feet from it and thinking it was parked on the traveled portion of the highway he swerved to avoid it, causing the rear of the trailer to strike the car and causing the tractor trailer to overturn.

The plaintiff's car was parked off the pavement on the 10-foot graveled berm without lights or other warning device.

The cause was tried by the court without a jury and judgment of no cause for the plaintiff and for the stipulated damages of $3,763.65 plus costs to the defendant was entered on the cross claim.

On appeal error is claimed on the trial court's interpretation of the parking lights statute, CLS 1961, § 257.694 (Stat Ann 1960 Rev § 9.2394), wherein he determined the plaintiff was negligent for parking his car on the berm without lights in violation of the statute.

Appellant also asserts the court erred in not determining defendant to be guilty of negligence *per se* for violating the assured clear distance ahead statute.*

The last assignment of error, in effect, is that the uncontroverted evidence of the defendant's action in swerving to avoid a car not parked on the pavement is negligence as a matter of fact precluding his recovery on his counterclaim, irrespective of statutory violations.

The parking lights statute, *supra,* reads as follows:

"Whenever a vehicle is parked or stopped upon a highway whether attended or unattended during the times mentioned in section 684, there shall be displayed upon the left side of such vehicle 1 or

---

* CLS 1961, § 257.627 (Stat Ann 1960 Rev § 9.2327).

more lamps projecting a white or amber light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle and projecting a red light visible under like conditions from a distance of 500 feet to the rear, except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local ordinances upon a highway where there is sufficient light to reveal any person within a distance of 500 feet upon such highway."

In his opinion the trial court concluded the phrase "upon a highway" in the foregoing statute included the graveled berm. He based this on the construction of CL 1948, § 256.348 (Stat Ann § 9.1608), by the Michigan Supreme Court in the case of *Ballinger* v. *Smith* (1950), 328 Mich 23. (The statutes are in all material respects the same.)

In *Ballinger* the Court held that the phrase "upon a highway" did not include the whole right-of-way nor was it limited to the paved or main traveled portion of the road, but rather meant that "portion of the right-of-way adapted and maintained or intended for the use of vehicular traffic in an ordinary and reasonable manner."

We hold the trial court was correct and his determination of violation by its application in the instant case is well supported by the record.

The other two assignments of error in our view are concerned with a common point. "Does the record require a determination of actionable negligence as a matter of fact or law?"

The court ruled that the assured clear distance ahead statute, *supra*, had no application to the case. While we are inclined to the belief that defendant driver's own testimony that he was traveling at a speed which required a stopping distance of 150 feet when he could see but 100 feet would establish a

violation, we cannot say as a matter of law that such speed was a proximate cause of the collision.

The court's determination that the plaintiff had failed to prove actionable negligence on the part of the defendant driver is adequately supported in the record.

We are content here, as in most cases, to treat negligence as a matter of fact properly left in the province of the fact finder.

Finding no reversible error, the judgment is affirmed, with costs to appellee.

McGREGOR, J., concurred.

J. H. GILLIS, J. (*dissenting*). I agree with the factual situation as set forth in the majority opinion. I further agree the trial court correctly determined that the plaintiff had no cause for action.

I do not agree that the plaintiff's action in parking his vehicle off the pavement on the 10-foot graveled berm without lights or other warning device was the proximate cause of the accident.

I would direct the trial court to set aside the judgment entered against the plaintiff and enter a judgment of no cause for action in its place.