### KROPFF v CITY OF MONROE

Docket No. 65495. Submitted March 24, 1983, at Detroit.—Decided August 31, 1983.

Plaintiff, Pamela Kropff, brought an action in the Monroe Circuit Court for damages for injuries sustained in a softball game sponsored by defendant, City of Monroe. Plaintiff alleged negligent maintenance of the ball field. Defendant moved for an accelerated judgment on the basis of a release signed by plaintiff. The trial court, Daniel L. Sullivan, J., concluded that there was nothing "fraudulent about obtaining this release" and accordingly granted defendant's motion for accelerated judgment and entered a judgment thereon. Plaintiff appeals from that judgment. *Held:*

The trial court erred in granting the motion for accelerated judgment since a material factual dispute concerning the release existed between the parties.

Reversed.

1. JUDGMENTS — ACCELERATED JUDGMENTS — RELEASE — COURT RULES.

A party may move for entry of an accelerated judgment dismissing a claim against him on the ground that the claim is barred because of a release (GCR 1963, 116.1[5]).

2. JUDGMENTS — ACCELERATED JUDGMENTS — APPEAL — FACT-FINDING.

A motion for accelerated judgment is proper only if no material factual dispute exists between the parties; reversal of an accelerated judgment is required where the court, in ruling on the motion, engaged in fact-finding.

*Stalburg, Bean, Laritz & Fischel, P.C.* (by *Armin G. Fischer*), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 11.

[2] 4 Am Jur 2d, Appeal and Error § 104.

5 Am Jur 2d, Appeal and Error §§ 727, 853.

73 Am Jur 2d, Summary Judgment § 40.

*William J. Braunlich, Jr., P.C.* (by *Thomas P. Russow),* for defendant.

Before: R. M. MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting the defendant's motion for accelerated judgment, GCR 1963, 116.1(5).

On August 11, 1978, the plaintiff was injured in a recreational softball game sponsored by the defendant. Subsequently, plaintiff brought this lawsuit, alleging that defendant was negligent in its maintenance of the ball field. Defendant then moved for an accelerated judgment on the basis of a release signed by the plaintiff. The release states in full:

"I hereby agree to play for the indicated team during the 1978 season, as provided by local rules.

"In consideration of this registration being accepted, I hereby, for myself, my heirs, executors, administrators and assignees, waive and release any all all *[sic]* rights and claims for damages and losses I may have against the Michigan Recreation Association and/or member units, their respective agents, representatives, successors and assigns for any and all injuries suffered by me during the life of this contract."

Considerable deposition testimony had been taken concerning the conditions surrounding the signing of the release. Following oral argument on defendant's motion, the court concluded that it could not "find that there was anything fraudulent about obtaining this release". Accordingly, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court granted the defendant's motion for accelerated judgment.

Plaintiff contends that the trial court erred in granting the defendant's motion for accelerated judgment.

GCR 1963, 116.1(5) allows a party to move for entry of judgment dismissing a claim against him on the ground that "the claim is barred because of release * * *". A motion for accelerated judgment is proper only if no material factual dispute exists between the parties. See *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981); *Kelleher v Mills,* 70 Mich App 360, 365; 245 NW2d 749 (1976). If a court, in ruling on a motion for accelerated judgment, engages in fact-finding, reversal is required. *Baker v Detroit,* 73 Mich App 67, 72; 250 NW2d 543 (1976).

In the present case, a material factual dispute existed. Plaintiff testified in her deposition that the release form was presented as a team roster, not as a release. The team manager testified in her deposition that the players were made aware that they were signing a release. Moreover, the trial court, in ruling on defendant's motion, resolved this factual dispute. It found that there was nothing "fraudulent about obtaining this release". Thus, the court erred in granting the defendant's motion for accelerated judgment.

Reversed. Costs to appellant.