KRAUSE v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 89835. Submitted October 17, 1986, at Lansing. Decided December 1, 1986.

Eric Krause, by his next friend Judith Krause, and his parents, Walter Krause and Judith Krause, filed an action in the Ingham Circuit Court against Citizens Insurance Company of America and other defendants, after Citizens, plaintiffs' no-fault insurer, refused to pay personal injury protection benefits for Eric Krause's accidental injuries. Eric Krause sustained a gunshot injury when a muzzle loader assembled by one of Eric Krause's companions discharged after being placed on top of a parked motor vehicle. Plaintiffs alleged that a missing screw in the firing mechanism allowed the gun to discharge with any slight movement. The trial court, Carolyn Stell, J., granted Citizens' motion for summary disposition, ruling that a sufficient causal nexus was lacking between Eric Krause's injuries and the use of a motor vehicle as a motor vehicle. Plaintiffs appealed.

The Court of Appeals *held:*

The motor vehicle's involvement in the injury was incidental and the injury was not directly related to the vehicle's character as a motor vehicle. The injury, therefore, did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. Thus, Citizens is not liable for personal injury protection benefits.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS.

A no-fault insurer is liable to pay personal injury protection benefits if an injury arises out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle; the Legislature intended that coverage would be provided only

REFERENCES

Am Jur 2d, Automobile Insurance §§ 194, 202.

Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.

Risks within "loading and unloading" clause of motor vehicle liability insurance policy. 6 ALR4th 686.

where the causal connection between the injury and the use of a motor vehicle is more than incidental, fortuitous, or "but for" and where the involvement of the vehicle in the injury is directly related to its character as a motor vehicle (MCL 500.3105; MSA 24.13105).

*The Heikkinen Law Firm, P.C.* (by *Thomas A. Matthews*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Thomas E. Keenan*), for defendants.

Before: DANHOF, C.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. Plaintiffs appeal from an order of summary disposition in favor of defendant Citizens Insurance Company in which the Ingham Circuit Court held that plaintiffs Eric Krause and his parents were not entitled to personal injury protection benefits for an injury which Eric sustained.

On September 21, 1983, Eric Krause and his father met other members of a hunting party near the junction of two country roads. Todd Baker, one of the members of the party, placed his gun, a muzzle loader which he had built from a kit, on the top of his vehicle and walked over to talk to Eric's father. Eric got out of the vehicle he was riding in and walked over to the other members of the party. As he approached, the muzzle loader discharged, wounding Eric in the chest. Plaintiff submitted an expert's statement that a screw was missing from the firing mechanism of the muzzle loader and that a slight movement by persons in or on the car could have caused the gun to fire.

Plaintiffs' no-fault insurer, defendant Citizens Insurance Company, refused coverage and plaintiffs filed the instant suit, seeking, inter alia, a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

declaration that coverage existed. The trial court granted the insurer's motion for summary disposition, pursuant to MCR 2.116(C)(10), finding that there was not a sufficient causal nexus between the accidental injury and the use of a motor vehicle as a motor vehicle. After summary disposition as to defendant Citizens Insurance Company was granted, plaintiffs entered into a settlement with defendants Todd Baker and Gerald Baker.

On appeal, plaintiffs argue that summary disposition was erroneously granted because movement of the vehicle caused the gun to discharge and that the injury occurred during the loading process of a parked vehicle.

An insurer is liable to pay personal injury protection benefits if the injury "aris[es] out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." MCL 500.3105; MSA 24.13105. By this language, the Legislature intended that coverage would be provided only where the causal connection between the injury and the use of a motor vehicle is more than incidental, fortuitous, or "but for" and where the involvement of the vehicle in the injury is directly related to its character as a motor vehicle. *Thornton v Allstate Ins Co,* 425 Mich 643; 391 NW2d 320 (1986).

Upon the facts, it is obvious to us that the vehicle's involvement in the injury was incidental and the injury was not directly related to the vehicle's character as a motor vehicle. The trial court properly granted summary disposition.

In light of our resolution of the above issue, we need not decide whether the injury occurred during the loading process.

Affirmed.

BRONSON, J., did not participate.