WILLS v STATE FARM INSURANCE COMPANIES

Docket No. 105018. Submitted November 1, 1988, at Lansing. Decided March 9, 1989.

Kristy Wills and her husband held a policy of no-fault automobile insurance issued by State Farm Insurance Companies when the husband died in a nighttime snowmobile accident. The decedent was a passenger on a snowmobile which collided with an unoccupied automobile parked on the eastern shoulder of the northbound lane of a highway. The automobile was facing south with its lights off. Kristy Wills subsequently brought an action in Tuscola Circuit Court against State Farm when the insurer denied her claim for survivors' benefits under the personal injury protection insurance provisions of the policy. The trial court, Patrick R. Joslyn, J., granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

Where, as here, the facts are undisputed, the question of whether an automobile was·parked in such a way as to cause an unreasonable risk of bodily injury so as to preclude the application of the parked vehicle exception to personal injury protection insurance benefits pursuant to the no-fault act is a question of statutory construction. In this case, even if this Court were to conclude that the automobile was parked in a manner which created an unreasonable risk of bodily injury, plaintiff cannot prevail since plaintiff would be unable to show that the decedent's injury arose out of the use of the parked automobile as a motor vehicle. There was nothing to distinguish the automobile from any other stationary roadside object such as a tree, signpost or boulder. Nothing about the automobile as an automobile had a bearing on the accident.

Affirmed.

1. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION —
PARKED VEHICLES.

Where the facts are undisputed, the question of whether an

REFERENCES

Am Jur 2d, Automobile Insurance §§ 129, 355.

See the Index to Annotations under No-Fault Insurance; Parked or Parking Vehicle; Snowmobile.

automobile was parked in such a way as to cause an unreason-
able risk of bodily injury so as to preclude the application of
the parked vehicle exception to personal injury protection
insurance benefits pursuant to the no-fault act is a question of
statutory construction to be decided by the trial court (MCL
500.3106[1][a]; MSA 24.13106[1][a]).

2. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION —
PARKED VEHICLES.

A claimant who seeks personal injury protection benefits from his
no-fault insurer for accidental bodily injury arising out of the
ownership, operation, maintenance, or use of a parked motor
vehicle must establish that the motor vehicle was being used as
a motor vehicle and that one of the exceptions to the parked
vehicle exception provided by the no-fault act applies (MCL
500.3106; MSA 24.13106).

3. INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION —
PARKED VEHICLES.

Personal injury protection insurance benefits pursuant to the no-
fault act are not available for accidental injury or death
sustained by a rider of a snowmobile that collides with an
unoccupied automobile parked on the shoulder of a highway
where a causal nexus between the injury and use of the
automobile as a motor vehicle cannot be established.

*W. J. Drillock,* for plaintiff.

*Gault, Davison, Bowers & Hill* (by *Edward B.
Davison*), for defendant.

Before: SAWYER, P.J., and BEASLEY and A. L.
GILBERT,* JJ.

PER CURIAM. Plaintiff, Kristy Wills, appeals
from an order of summary disposition granted to
defendant, State Farm Insurance Companies, on
plaintiff's claim for no-fault personal injury protec-
tion survivors' benefits under plaintiff's no-fault
insurance policy.

The following facts are not in dispute. On Janu-
ary 26, 1985, at approximately 10:00 P.M., plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff's husband was a passenger on a snowmobile being operated by another man. The snowmobile was proceeding northbound on the eastern shoulder of highway M-19 at a speed of fifty to eighty miles per hour. The snowmobile collided with an unoccupied automobile parked on the shoulder. Both men on the snowmobile were killed. The automobile was facing southbound and had no lights on. Plaintiff and her husband held a no-fault auto policy with defendant. Plaintiff filed the within suit on June 10, 1986, after defendant had denied her claim for PIP benefits for the death of her husband. Both parties moved for summary disposition. The court granted defendant's motion upon finding that the automobile was not parked in such a way as to create an unreasonable risk of bodily injury.[1] Plaintiff appeals as of right.

The threshold question in any suit concerning a claim for no-fault benefits is whether the injury suffered is the type of injury the no-fault act[2] is designed to compensate.[3] MCL 500.3105(1); MSA 24.13105(1) provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle *as a motor vehicle,* subject to the provisions of this chapter. [Emphasis added.]

Where, as here, the automobile involved is

---

[1] The court used as secondary grounds for granting defendant's motion for summary disposition that plaintiff had failed to file her claim within the applicable statute of limitations period, MCL 500.3145(1); MSA 24.13145(1). On appeal, defendant concedes that the court erred in finding plaintiff's claim barred by the statute of limitations.

[2] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

[3] See *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 242; 293 NW2d 594 (1980).

parked at the time of the accident, recovery under the no-fault act is generally precluded. This is so because injuries involving parked vehicles normally do not involve the vehicle "as a motor vehicle." Rather, in such cases, the vehicle's role in the incident is indistinguishable from that which any stationary object could have played.[4] However, under certain circumstances, a parked vehicle's involvement in an accident may be related to its character "as a motor vehicle." Those circumstances are set forth in MCL 500.3106(1); MSA 24.13106(1) and include instances where the injury occurs as a result of the vehicle having been parked in such a way as to create an unreasonable risk of injury.

Where the facts are undisputed, the determination of whether an automobile "was parked in such a way as to cause unreasonable risk of the bodily injury which occurred" within the meaning of § 3106(1)(a) is an issue of statutory construction for the court.[5] Plaintiff claims that the automobile involved was parked so as to create an unreasonable risk of this sort of injury, pointing to its lights not having been turned on and its facing oncoming traffic. Specifically, plaintiff directs our attention to statutory requirements that vehicles "upon a highway" have their lights on at nighttime.[6] Plaintiff argues that the automobile's condition violated these laws, and that that violation evidences the hazard posed by the parked vehicle.

Even if the automobile concerned herein was in violation of the statutory lighting requirement,[7]

[4] *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639; 309 NW2d 544 (1981).

[5] *Autry v Allstate Ins Co,* 130 Mich App 585, 592; 344 NW2d 588 (1983), lv den 422 Mich 879 (1985).

[6] MCL 257.694; MSA 9.2394 and MCL 257.684; MSA 9.2384.

[7] There is some question as to whether the automobile was located

and even if that statutory violation could be deemed a basis for concluding that the vehicle was parked so as to create an unreasonable risk of bodily injury, nevertheless, we find summary disposition of plaintiff's claim proper.

In addition to showing that one of the parked vehicle exclusions contained in § 3106 is applicable, a plaintiff must still show that the injury arose out of the use of a motor vehicle as a motor vehicle. That is to say, plaintiff must show some sort of causal nexus between use of a motor vehicle and the injury.[8] Here, as in *Autry v Allstate Ins*,[9] we find nothing to distinguish the automobile involved in the accident from any other stationary roadside object such as a tree, signpost or boulder. Nothing about the automobile as an automobile had a bearing on the accident. Therefore, compensation under the no-fault act would be inappropriate in this instance. We affirm the trial court's order of summary disposition of plaintiff's claim for no-fault benefits.

Affirmed.

---

"upon a highway" under the statute. Plaintiff cites *Ballinger v Smith,* 328 Mich 23; 43 NW2d 49 (1950), and *Hoopingarner v Tucker Freight Lines, Inc,* 6 Mich App 429; 149 NW2d 219 (1967), as standing for the proposition that a gravelled shoulder may be considered as part of the "highway" under the statute since it is adopted, maintained, or intended for ordinary and reasonable vehicular travel. However, we believe the validity of that conclusion has been called into question by the Legislature's enactment of MCL 257.59a; MSA 9.1859(1) wherein "shoulder" is defined as being that portion of the highway contiguous to the roadway "*not* designed for vehicular travel but maintained for temporary accommodation of disabled or stopped vehicles." (Emphasis added.)

[8] See *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793, 797-805; 420 NW2d 877 (1988), and cases discussed therein.

[9] *Supra,* pp 594-595.