SHELLENBERGER v INSURANCE COMPANY OF NORTH
AMERICA

Docket No. 109112. Submitted May 11, 1989, at Grand Rapids. Decided March 19, 1990. Leave to appeal applied for.

Larry Shellenberger, a truck driver, after starting his engine in preparation for a delivery, ruptured a lumbar disc while reaching to move a briefcase within the interior of the truck. The briefcase contained documents pertaining to the truck's shipment. Shellenberger thereafter brought an action in the Calhoun Circuit Court against the Insurance Company of North America, his employer's no-fault insurer, seeking personal protection insurance benefits. The trial court, Paul Nicolich, J., granted defendant's motion for summary disposition finding that plaintiff's injury did not meet the no-fault threshold requirement of an accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. Plaintiff appealed.

The Court of Appeals *held:*

1. It was a mere fortuity that plaintiff's injury occurred as he was sitting in the truck. The particular setting of the truck suggests nothing specific to its operation or use as a motor vehicle that played a part in the injury.

2. It may have been necessary for plaintiff to carry the briefcase in the fulfillment of his job duties as a truck driver, but it does not follow that those duties were congruent with the operation or use of the truck as a motor vehicle. The fact that plaintiff's movement in reaching for the briefcase occurred in the interior of the truck does not transform the incident into a motor vehicle accident for no-fault purposes.

Affirmed.

NEFF, J., dissented. She believes that the involvement of the truck in the injury was directly related to its character as a motor vehicle and there clearly is a relationship between the injury and the vehicular use of a motor vehicle. She believes

REFERENCES

Am Jur 2d, Automobile Insurance § 351.
See the Index to Annotations under No-Fault Insurance; Trucks and Trucking.

that the truck was, at least in part, the instrumentality of the injury to plaintiff, not merely its situs. She would reverse and remand for entry of judgment for plaintiff.

INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — AUTO-MOBILES.

Personal protection insurance benefits for injuries arising out of the use of a motor vehicle as a motor vehicle are provided only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or but for; the involvement of the vehicle in the injury should be directly related to its character as a motor vehicle (MCL 500.3105[1]; MSA 24.13105[1]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Douglas A. Merrow*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Susan J. Bradley*), for defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and NEFF, JJ.

HOLBROOK, JR., P.J. Plaintiff appeals from an order of summary disposition dismissing his claim for personal protection insurance benefits on a no-fault policy issued by defendant to plaintiff's employer. We affirm.

The facts are essentially undisputed. Plaintiff, a truck driver, started the truck engine in preparation for a delivery. As he reached to move a briefcase within the interior of the truck, he ruptured a lumbar disc, thereby injuring his back. His claim for wage loss benefits resulted from that injury.

Although the circuit court specified that summary disposition was grounded in MCR 2.116(C)(8), it is clear that it relied on facts extraneous to pleadings in deciding the motion. Therefore, we will review the summary disposition as if it were granted pursuant to MCR 2.116(C)(10). Under that

subrule, summary disposition should be granted if it is determined that, upon giving the nonmoving party the benefit of every reasonable doubt, it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988).

The issue to be decided in this appeal is whether plaintiff's claim to personal protection insurance benefits meets the threshold requirement of an "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle," which is set forth in MCL 500.3105(1); MSA 24.13105(1). This statutory standard speaks to the requisite causal connection between the motor vehicle and the ensuing injury. This standard was explained in *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986):

> In drafting MCL 500.3105(1); MSA 24.13105(1), the Legislature limited no-fault PIP benefits to injuries arising out of the "use of a motor vehicle *as a motor vehicle.*" In our view, this language shows that the Legislature was aware of the causation dispute and chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for." The involvement of the car in the injury should be "directly related to its character as a motor vehicle." *Miller v Auto-Owners [Ins Co,* 411 Mich 633, 640-641; 309 NW2d 544 (1981)]. Therefore, the first consideration under MCL 500.3105(1); MSA 24.13105(1), must be the relationship between the injury and the vehicular use of a motor vehicle. Without a relation that is more than "but for," incidental, or fortuitous, there can be no recovery of PIP benefits.

Applying this standard of causation, the Court in *Thornton* held that gunshot-inflicted injuries sustained inside a taxicab by its driver in the course of an armed robbery perpetrated by a passenger did not give rise to the insurer's liability for benefits.

Under the facts demonstrated in this case, we find ourselves in agreement with the circuit court. It was a mere fortuity that plaintiff's injury occurred as he was sitting in the truck. The particular setting of the truck suggests nothing specific to its operation or use as a motor vehicle that played a part in the injury.

In an effort to avoid the conclusion that the truck played no greater role than providing a site for the accident to occur, plaintiff points out that the briefcase contained documents pertaining to the truck's shipment and further suggests that the configuration of the truck's interior occasioned his original placement of the briefcase and the subsequent need to move the briefcase. Plaintiff cites *Perryman v Citizens Ins Co of America,* 156 Mich App 359; 401 NW2d 367 (1986), lv den 428 Mich 874 (1987), where another panel of this Court reversed summary judgment for the insurer and held that the cramped configuration and lack of lighting in the interior of a van may have been a contributing cause to the accidental discharge of a gun during its unloading from the van. *Thornton* was deemed "inapposite" because of the involvement of physical characteristics of the van in the accident. *Perryman, supra,* p 366.

We are not persuaded that the test and underlying rationale of *Thornton* should be so readily discarded. In the instant case, it may have been necessary for plaintiff to carry the briefcase in the fulfillment of his job duties as a truck driver, but it does not follow that those duties were congruent

with the operation or use of the truck as a motor vehicle. Similarly, moving the briefcase by reason of the configuration of the interior of the truck cannot be said to result from some facet particular to the normal functioning of a motor vehicle. The need to make similar movements in order to reach for a briefcase routinely occurs in offices, airports, homes, conference rooms, courtrooms, restaurants, and countless other settings where no-fault insurance does not attach. The fact that plaintiff's movement in reaching for the briefcase occurred in the interior of the truck does not transform the incident into a motor vehicle accident for no-fault purposes. See also *Krause v Citizens Ins Co of America,* 156 Mich App 438, 440; 402 NW2d 37 (1986) (accidental discharge of gun placed on top of car; held, summary disposition dismissing claim for PIP benefits affirmed); *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793, 805-806; 420 NW2d 877 (1988), lv den 431 Mich 862 (1988) (plaintiff fell from bed of truck used to position ladder against a house; held, judgment of no cause of action dismissing claim for PIP benefits affirmed). See also *Michigan N R Co v Auto-Owners Ins Co,* 176 Mich App 706; 440 NW2d 108 (1989).

Affirmed.

Sawyer, J., concurred.

Neff, J. *(dissenting).* I dissent from the majority opinion and would find that on the facts of this case plaintiff is entitled to first-party, no-fault benefits.

I

There is no dispute that plaintiff's injury occurred as he moved his briefcase inside the cab of

his truck. The briefcase contained the paperwork required and necessary for interstate truck shipments.

Defendant first challenged plaintiff's entitlement to first-party benefits on the ground that plaintiff was in the process of loading or unloading the truck when he was injured and therefore was precluded from recovery. In fact, in a brief filed in support of defendant's motion for summary disposition based on the loading or unloading issue, defense counsel argued:

The only issue which plaintiff may contest would be whether plaintiff's injuries, which in the course of his employment, occurred while plaintiff was "loading" or "unloading" his employer's parked vehicle within the meaning of [MCL 500.3106(2); MSA 24.13106(2).]

The trial court granted the motion, finding that plaintiff's injury had occurred during activities which were "preparatory to unloading." This Court reversed, noting that "Defendant claims, . . . that these documents [in the briefcase] were required and, thus, were an integral part of the freight." The Court found that at the time of the injury plaintiff was "acting as a truck driver" and concluded that the loading or unloading provision did not apply. *Shellenberger v Ins Co of North America,* unpublished opinion per curiam of the Court of Appeals, decided October 8, 1987 (Docket No. 94198).

The case was remanded to the trial court and defendant brought another motion for summary disposition, this time claiming that the injury did not occur as a result of use of a motor vehicle as a motor vehicle. Again defendant's motion was granted and this appeal resulted.

II

The injury occurred while plaintiff was an occupant of a parked vehicle. Under those circumstances, recovery under the no-fault act is generally precluded. *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639; 309 NW2d 544 (1981); *Wills v State Farm Ins Cos,* 178 Mich App 263, 266; 443 NW2d 396 (1989). There is a statutory exception to this rule:

(1) Accidental bodily injury *does not arise out of the* ownership, operation, maintenance, or *use of a parked vehicle as a motor vehicle* unless any of the following occur:

\* \* \*

(c) Except as provided in subsection (2), *the injury was sustained by a person while occupying,* entering into, or alighting from the vehicle. [MCL 500.3106; MSA 24.13106.]

In order to fit within the exception, a claimant must show that his or her injuries arose out of the use of the motor vehicle "as a motor vehicle." *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 315; 282 NW2d 301 (1979), lv den 407 Mich 895 (1979); *Denning v Farm Bureau Ins Group,* 130 Mich App 777; 344 NW2d 368 (1983), lv den 419 Mich 877 (1984); *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793; 420 NW2d 877 (1988), lv den 431 Mich 862 (1988). The test for determining whether an injury occurring in a parked vehicle arises out of the use of the vehicle "as a motor vehicle" is clearly set forth in the seminal case of *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975). There, this Court held that the injury must be foreseeably identifiable with the normal use, maintenance and ownership

of the vehicle. *Kangas, supra,* p 17. Stated another way, "there must be a sufficient causal nexus between the use of the motor vehicle and the injury." *Gooden, supra,* p 797, and cases cited therein.

### III

I believe that the facts of this case put it within the statutory exception. At the time of the injury, the truck engine was running. Plaintiff prepared to leave the truck terminal and started the engine, and while he was waiting for the oil pressure to build up, he moved the briefcase and injured himself.

There is no question that the briefcase contained documents for plaintiff to operate the vehicle legally in interstate commerce, which he did that day in a run from Battle Creek to cities in Ohio. He testified that he had to move the briefcase from the floor of the cab so that he could drive the truck and that he was in the process of placing it on the "doghouse," a flat, table-like structure covering the engine, when his injury occurred. The injury occurred because he had to twist and turn while lifting the briefcase within the confines of the truck cab. For that reason, I disagree with the finding of the majority that it was a mere fortuity that the injury occurred in the truck.

I believe that this case falls squarely within the holding of *Perryman v Citizens Ins Co of America,* 156 Mich App 359; 401 NW2d 367 (1986), lv den 428 Mich 874 (1987). The use of this motor vehicle as a motor vehicle not only contemplated the transportation of the documents in plaintiff's briefcase, such use *required* the documents to be present in the truck. Plaintiff needed to maneuver the briefcase containing the documents within the cab

so he could get it off the floor to drive. The interior space was confined, in part, because of the engine cover which also provided a convenient flat spot to place the briefcase during plaintiff's run from Michigan to Ohio. Like the majority in *Perryman,* I would find that the truck cab was one of the causes contributing to plaintiff's injury and was therefore more than the mere situs of the injury.

In *Perryman,* this Court recognized that the limited confines of a motor vehicle can contribute to the mechanism of injury. As a part of our daily lives, we customarily crawl into, out of, around, and through motor vehicles of various types. Their internal configuration is not necessarily well suited to the anatomical needs and demands of the human body. In recognition of this, and in recognition of the importance of the use of motor vehicles in our everyday lives, the *Perryman* Court found that this factor was sufficient to provide the causal nexus between an injury and the use of an automobile as an automobile for purposes of recovery of first-party benefits. I, likewise, would reach the same conclusion in this case.

The majority's reliance in this case on *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986), is misplaced. The cases are factually distinguishable. The majority also expands *Thornton* to deny no-fault benefits under circumstances not contemplated or intended by the Court in that case. A close reading of the holding of *Thornton* supports, in my view, a finding of no-fault benefits entitlement under the circumstances presented here.

The majority opinion quotes from *Thornton* to support its conclusion that *Thornton* would deny benefits. I read that same passage, as well as the *Thornton* opinion as a whole, to argue for a finding of coverage in this case.

*Thornton* involved an armed robbery and shooting of a taxicab driver. The Court in *Thornton* looked closely at those situations involving injury arising out of assault and battery and concluded that the necessary causal connection between injury and use of the motor vehicle did not support an award of benefits under the no-fault act. The Court refused to grant benefits because the injury really arose out of the criminal intent of a third party rather than out of the use of a motor vehicle "as a motor vehicle." Under the facts in *Thornton,* it could truly be said that the motor vehicle was merely the place where the shooting occurred.

The facts and circumstances of this case fit within the requirements of *Thornton* as quoted by the majority opinion and as set out in *Miller, supra.* Here, the involvement of the truck in the injury was directly related to its character as a motor vehicle, and there is clearly a relationship between the injury and the vehicular use of a motor vehicle as required by *Thornton.* Unlike in *Thornton,* the motor vehicle in this case was, at least in part, the instrumentality of the injury to plaintiff, not merely its situs. Plaintiff was using the vehicle as a vehicle when he was injured, and it contributed to the mechanism of his injury.

IV

I would reverse and remand for entry of judgment for plaintiff.