PATEREK v 6600 LIMITED

Docket No. 115665. Submitted October 4, 1990, at Detroit. Decided December 5, 1990, at 9:10 A.M.

Daniel B. and Elise A. Paterek brought a premises liability action in the Macomb Circuit Court, John B. Bruff, J., against 6600 Limited, doing business as Liberty Park of America, seeking damages for injuries sustained by Daniel Paterek while participating in a softball game at the defendant's recreational field. The court granted the defendant's motion for summary disposition after finding that Daniel Paterek had signed a document that released the defendant from liability for the injuries. The plaintiffs appealed, claiming that the nature of the document was misrepresented.

The Court of Appeals *held:*

1. To warrant recission or invalidation of a contract of release, a misrepresentation must be made with the intent to mislead or deceive. In this case, none of the evidence raised a reasonable inference that the defendant or its agents intentionally or fraudulently misrepresented the nature of the document.

2. One who signs a contract cannot seek to invalidate it on the basis that he or she did not read it or thought that its terms were different, absent a showing of fraud or mutual mistake.

3. Defendant gave plaintiff sufficient notice of the affirmative defense of release. There was adequate consideration for the release.

Affirmed.

1. RELEASE — VALIDITY.

The validity of a contract of release turns on the intent of the parties; a release must be fairly and knowingly made in order to be valid.

REFERENCES

Am Jur 2d, Contracts §§ 149, 152, 511; Release §§ 10, 11, 15, 16, 21, 30.

Baseball player's right to recover for baseball-related personal injuries from nonplayer. 55 ALR4th 664.

2. RELEASE — VALIDITY — RECISSION — MISREPRESENTATIONS.

A release is not fairly made and is invalid if the releasor was dazed, in shock, or under the influence of drugs, or where the nature of the instrument was misrepresented, or there was other fraudulent or overreaching conduct; a misrepresentation must have been made with the intent to mislead or deceive in order to warrant rescission or invalidation of a contract of release.

3. CONTRACTS — RESCISSION — FAILURE TO READ.

A failure to read a contract document provides a ground for rescission only where the failure was not induced by carelessness alone, but instead was induced by some stratagem, trick, or artifice by the party seeking to enforce the contract.

4. RELEASE — CONSIDERATION.

A defendant's agreement to allow a plaintiff to play softball on its field in return for a release of liability was adequate consideration for the release where there was a legal detriment which induced the plaintiff's promise to release the defendant from liability and the plaintiff's promise to release the defendant from liability induced the defendant to suffer the detriment.

*Clark & Knight, P.C.* (by *William E. Clark*), for plaintiffs.

*Goulding & Lucas, P.C.* (by *Charles R. Wesserling*), for the defendant.

Before: DANHOF, C.J., and CAVANAGH and W. R. BEASLEY,* JJ.

PER CURIAM. Daniel Paterek injured his knee while running to catch a fly ball during a softball game at defendant's recreational field. He sued on a premises liability theory, claiming that the field was improperly maintained. The complaint included a loss of consortium claim for Paterek's wife, Elise Paterek. The circuit court granted summary disposition to defendant under MCR 2.116(C)(7) and (10), on the basis that Daniel Paterek had

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

signed an official team roster and contract which purported to release defendant from liability for injuries occurring on defendant's premises. Plaintiffs appeal as of right, raising three related issues concerning the release contract. We affirm.

Plaintiffs first claim that summary disposition was improperly granted because there was a material issue of fact concerning Daniel Paterek's state of mind while signing the release. We disagree.

Under MCR 2.116(C)(7), a party may bring a motion for summary disposition on the ground that a claim is barred by some disposition of the claim before commencement of the action, including release. The motion may be supported or opposed by affidavits, depositions, admissions, or other documentary evidence. *Fuller v Integrated Metal,* 154 Mich App 601, 606-607; 397 NW2d 846 (1986), lv den 427 Mich 851 (1986). If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the trial court must render judgment without delay. *Id.*; MCR 2.116(I)(1).

A motion for summary disposition under MCR 2.116(C)(10) must also be decided on all available documentary evidence. *Osner v Boughner,* 180 Mich App 248, 262; 446 NW2d 873 (1989). A motion under this subrule tests whether there is factual support for a claim. *Id.* Summary disposition should be granted under MCR 2.116(C)(10) if it is determined that, upon giving the nonmoving party the benefit of every reasonable doubt, it is impossible for the claim to be supported at trial because of some deficiency that cannot be overcome. *Shellenberger v Ins Co of North America,* 182 Mich App 601, 603; 452 NW2d 892 (1990).

In this case, summary disposition was proper under either MCR 2.116(C)(7) or (C)(10).

Before the start of the 1986 softball season, Daniel Paterek printed his name on and signed a document entitled "1986 OFFICIAL TEAM ROSTER AND CONTRACT." Among the relevant provisions of the document were the following:

> Each of us, the undersigned players, acknowledge, agree and understand that:
>
> \* \* \*
>
> 2. Playing softball is hazardous and may result in injury; and
> 3. Sliding is dangerous to myself and other players; and
> 4. Other aspects of softball are dangerous and may result in injury to me or other players; and
>
> \* \* \*
>
> Further, each of us agree that in consideration for permission to play at Liberty Park of America:
>
> 1. I assume all risks of injury incurred or suffered while on and/or upon the premises of Liberty Park of America; and
> 2. I release and agree not to sue Liberty Park of America, its agents, servants, associations, employees or anyone connected with Liberty Park of America for any claim, damages, costs or cause of action which I have or may in the future have as a result of injuries or damages sustained or incurred while on and/or upon the premises of Liberty Park of America; and
>
> \* \* \*
>
> I have read the above terms of this contract, understand them and agree to abide by them.
>
> I, the undersigned player, acknowledge that I have read and understand the above contract.

We note initially that it is not contrary to this state's public policy for a party to contract against liability for damages caused by ordinary negligence. See *St Paul Ins v Guardian Alarm,* 115 Mich App 278, 283; 320 NW2d 244 (1982), and

cases cited therein. As with other contracts, the validity of a contract of release turns on the intent of the parties. *Trongo v Trongo,* 124 Mich App 432, 435; 335 NW2d 60 (1983), lv den 417 Mich 1100.32 (1983). To be valid, a release must be fairly and knowingly made. *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957); *Binard v Carrington,* 163 Mich App 599, 603; 414 NW2d 900 (1987); *Trongo, supra.* A release is not fairly made and is invalid if (1) the releasor was dazed, in shock, or under the influence of drugs, (2) the nature of the instrument was misrepresented, or (3) there was other fraudulent or overreaching conduct. *Theisen v Kroger Co,* 107 Mich App 580, 582-583; 309 NW2d 676 (1981).

Daniel Paterek alleges that at no time was it explained to him that the document was a release or waiver of his rights. He claims that he was simply told that the document was an official team roster which he had to sign before playing in the softball league. He claims that there was an issue of material fact regarding whether the nature of the document which he signed was misrepresented as a roster, as opposed to a release.

We believe, however, that plaintiffs have misconstrued the meaning of "misrepresent" in this context. A fair reading of the cases cited above which have addressed the validity of releases leads to the conclusion that to warrant rescission or invalidation of a contract of release, a misrepresentation must be made with the intent to mislead or deceive. In the instant case, none of the documentary evidence available to the trial court raised a reasonable inference that defendant or its agents intentionally or fraudulently misrepresented the nature of the roster/contract. At the most, the document may have been innocently misrepresented, which would not have been sufficient to invalidate the release. Therefore, there was no

genuine issue of material fact and plaintiffs' claim was barred by the release.

This conclusion is also supported by the principle that one who signs a contract cannot seek to invalidate it on the basis that he or she did not read it or thought that its terms were different, absent a showing of fraud or mutual mistake. As we stated in *Moffit v Sederlund,* 145 Mich App 1, 8; 378 NW2d 491 (1985), lv den 425 Mich 860 (1986), "[f]ailure to read a contract document provides a ground for rescission only where the failure was not induced by carelessness alone, but instead was induced by some stratagem, trick, or artifice by the parties seeking to enforce the contract. *Id.* See also *Christensen v Christensen,* 126 Mich App 640, 645; 337 NW2d 611 (1983), lv den 417 Mich 1100.45 (1983). This principle is directly applicable to the facts of this case, where plaintiff admits to signing the release contract, but claims that he was not aware of the terms of the document.

In their brief and supplemental brief, plaintiffs place considerable reliance on *Kropff v Monroe,* 128 Mich App 450; 340 NW2d 119 (1983). *Kropff* involved facts similar to the instant case, and the Court did say that accelerated judgment under GCR 1963, 116.1(5), the predecessor of MCR 2.116(C)(7), was improper there. However, the release contract in *Kropff* did not contain a plain and clear statement, directly before the signature lines, stating that the player acknowledged reading and understanding the contract. Thus, *Kropff* is distinguishable. Further, *Kropff* was decided with no discussion of the law of releases, waivers, or the materiality of the alleged misrepresentation in that case. Therefore, to the extent that our opinion is inconsistent with *Kropff,* we disagree with that Court's conclusion.

Plaintiffs next argue that defendant waived the affirmative defense of release by failing to state the defense in its responsive pleadings, as required by MCR 2.111(F)(3). In its responsive pleading, defendant stated that plaintiffs' claim was "barred as a result of waiver." This statement was sufficient to give plaintiffs notice of the affirmative defense alleged. *Hanon v Barber,* 99 Mich App 851, 855-856; 298 NW2d 866 (1980).

We also reject plaintiffs' argument that the release/contract was somehow invalidated by a notice on the official scoresheet stating that the field had been inspected by the umpire and was playable. The scoresheet was not part of the release agreement and has no bearing on the validity of the release. We also note that the scoresheet contained an additional liability disclaimer.

Finally, we find no merit in plaintiffs' argument that the release was invalid for lack of consideration. Defendant's agreement to allow Daniel Paterek to play softball on its field was adequate consideration because it was (1) a legal detriment, (2) which induced plaintiff's promise to release defendant from liability, and (3) plaintiff's promise to release defendant from liability induced defendant to suffer the detriment. See *Lawrence v Ingham Co Health Dep't,* 160 Mich App 420, 428-429; 408 NW2d 461 (1987) (dissent of SAWYER, J.), lv den 429 Mich 864 (1987).

Affirmed.