SABERS, Justice
(dissenting).
[¶ 31.] As noted in Wilson v. Great Ne. Ry. Co., 83 S.D. 207, 211, 157 N.W.2d 19, 21 (1968): “The question presented ... is whether or not there is a genuine issue of fact. It does not contemplate that the court shall decide such issues of fact, but shall determine only whether one exists.” (citation omitted). “If a court, in ruling on a motion for summary judgment, engages in fact-finding, reversal is required.” Johnson v. Rapid City Softball Ass’n, 514 N.W.2d 693, 698 (S.D.1994) (quoting Kropff v. City of Monroe, 128 Mich.App. 450, 340 N.W.2d 119, 120 (1983)). The same rule applies to the South Dakota Supreme Court.
The circuit court erred when it ruled as a matter of law that City created an implied employment contract based upon its written employment policies and the Supreme Court compounds the error by reversing and remanding when there are genuine issues of material fact to be decided by the jury.
[¶ 32.] South Dakota is an employment-at-will state per the provisions of SDCL 60-4-4: “An employment having no specified term may be terminated at the will of either party on notice to the other, unless otherwise provided by statute.” However, an employer may surrender this statutory power to hire and fire at will. Holland v. FEM Electric Ass’n, Inc., 2001 SD 143, ¶ 11, 637 N.W.2d 717, 720 (citing Butterfield v. Citibank of South Dakota, 437 N.W.2d 857, 859 (S.D.1989); Osterkamp v. Alkota Mfg., 332 N.W.2d 275 (S.D.1983)). An employer may expressly surrender its at-will statutory power by affirmatively indicating such intent and by adopting personnel policies or manuals that explicitly provide “that a for-cause termination procedure must be followed.” Id. (citing Hollander v. Douglas County, South Dakota, 2000 SD 159, ¶ 14, 620 N.W.2d 181, 185 (additional citations omitted)).
[¶ 33.] In addition, an implied surrender will be found to exist when the policy or manual “ ‘contains a detailed list of exclusive grounds for employee discipline or discharge and a mandatory and specific procedure which the employer agrees to follow prior to any employee’s termi *624 nation.’ ” Id. (quoting Hollander, 2000 SD 159, ¶ 14, 620 N.W.2d at 185) (additional citation omitted)). The hallmark of both an implied and an express surrender of the statutory power to terminate at will is a clear intention on the part of the employer. Butterfield, 437 N.W.2d at 859. However, “ ‘[t]he existence and governing terms of any implied contract present questions of fact to be decided by a jury.’ ” Holland, 2001 SD 143, ¶ 6, 637 N.W.2d at 719 (quoting Jurrens v. Lorenz Mfg. Co. of Benson, Minn., 1998 SD 49, ¶ 9, 578 N.W.2d 151, 154 (citing Lien v. McGladrey & Pullen, 509 N.W.2d 421, 424 (S.D.1993))).
[¶ 34.] In this case, whether City’s General Employee Policies manual and Standard Policy & Procedure # 001 created an implied contract of employment was an issue of fact, and if it did, also at issue was what terms governed the contract. As such, the issue of whether an implied contract existed, and if so, the determination of its terms were incapable of being resolved on a motion for summary judgment, as both were material facts in dispute. The circuit court engaged in impermissible fact finding when it determined that an implied contract of employment existed, and that the contract provided Aberle with the right to both a pre-and post-termination hearing governed by due process standards. Given that the circuit court engaged in fact finding with regard to genuine issues of material fact on a motion for summary judgment, reversal and remanding is required. The majority gets that part right but then proceeds to enter the opposite result for the City of Aberdeen as a matter of law despite the fact that there are genuine issues of material fact. This Court should not compound the error by reversing and remanding and then entering the opposite result when there are genuine issues of material fact to be decided by the jury.
[¶ 35.] We should reverse and remand to the circuit court for jury trial on the issue of whether an implied contract of employment existed and for a determination as to its terms.