# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL KEMP,

      Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
May 5, 2015

No. 319796
Wayne Circuit Court
LC No. 13-008264-NF

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted defendant summary disposition under MCR 2.116(C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of injuries plaintiff sustained after he fell on his driveway. On September 15, 2012, plaintiff arrived home from work and parked his truck. He got out of the vehicle and collected personal effects from the backseat floorboard. In the process, he allegedly suffered an injury to his calf muscle, and received treatment from an urgent care center and a physician.

Plaintiff filed this lawsuit against defendant, his auto insurer, in June 2013, and demanded no-fault benefits pursuant to MCL 500.3106(1)(b).[1] Defendant moved for summary disposition under MCR 2.116(C)(10), and argued that plaintiff could not collect such benefits because, among other things: (1) he was not using the motor vehicle as a motor vehicle at the time of the injury; and (2) the parked vehicle had only an "incidental" causal relationship to his

---

[1] As part of his complaint, plaintiff included an affidavit from a physician, in which the physician stated his opinion that the injuries plaintiff supposedly incurred while unloading his truck "were not merely incidental to the unloading process." The trial court stated that the affidavit was inadmissible, because it contained information outside the physician's area of expertise, and had little probative value because the doctor did not witness the accident.

-1-

injury. After a motion hearing, the trial court ruled that: (1) plaintiff's injuries were not related to the use or operation of his motor vehicle as a motor vehicle; and (2) the injury was merely incidental to use of the vehicle. Accordingly, it held that, as a matter of law, plaintiff could not sustain a claim for no-fault benefits under MCL 500.3106(1)(b), and granted defendant's motion for summary disposition.

On appeal, plaintiff asserts that the trial court erred when it held that: (1) his injury was not related to the use of a motor vehicle as a motor vehicle; and (2) he is not entitled to PIP benefits under MCL 500.3106(1)(b). Defendant asks us to uphold the ruling of the trial court.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012). "A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of the complaint, with the trial court considering the entire record in a light most favorable to the nonmoving party." *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 34; 852 NW2d 78 (2014). Judgment as a matter of law is appropriate where the evidence demonstrates that no genuine issue of material fact remains. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001).

## III. ANALYSIS

MCL 500.3106 "explains when . . . liability attaches in the case of a parked vehicle." *Frazier v Allstate Ins Co*, 490 Mich 381, 384; 808 NW2d 450 (2011). In relevant part, it provides:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
>
> (b) . . . the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.
>
> (c) . . . the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

Accordingly, a claimant who seeks to recover PIP benefits for an injury that involves a parked car must show that:

> (1) his conduct fits one of the three exceptions of subsection 3106(1); (2) the injury arose out of the ownership, operation, maintenance, or use of the parked motor vehicle *as a motor vehicle*, and (3) the injury had a casual relationship to

the parked motor vehicle that is more than incidental, fortuitous, or but for. [*Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 635–636; 563 NW2d 683 (1997) (emphasis original).]

The "nexus between the injury and the use of the vehicle as a motor vehicle" must be "sufficiently close" to justify recovery of benefits. *Id*. at 635. In other words, "[w]hether an injury arises out of the use of a motor vehicle 'as a motor vehicle'" for purposes of MCL 500.3106 "turns on whether the injury is closely related to the transportational function of automobiles." *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 215; 580 NW2d 424 (1998). Specifically, the removal of personal effects from a parked vehicle:

cannot be said to result from some facet particular to the normal functioning of a motor vehicle. The need to make similar movements in order to reach for [personal effects] routinely occurs in offices, airports, homes, conference rooms, courtrooms, restaurants, and countless other settings where no-fault insurance does not attach. The fact that plaintiff's movement in reaching for [his personal effects] occurred in the interior of the truck does not transform the incident into a motor vehicle accident for no-fault purposes. [*Shellenberger v Ins Co of North America*, 182 Mich App 601, 605; 452 NW2d 892 (1990).]

Here, plaintiff testified that he injured himself while collecting personal effects from the back floorboard of his parked truck. The injury had nothing to do with "the transportational function" of his truck. *McKenzie*, 458 Mich at 215. Accordingly, his injury plainly did not arise out of the use of a motor vehicle as a motor vehicle—plaintiff's truck, which he used as a storage space for his personal items, was merely the site where the injury occurred, and any causal relationship between the injury and the parked truck was "incidental." *Putkamer*, 454 Mich at 636. As a matter of law, and viewing his testimony and physician's affidavit in the light most favorable to him,[2] plaintiff is not eligible to receive no-fault benefits under MCL 500.3106. The trial court properly granted defendant summary disposition pursuant to MCR 2.116(C)(10), and its ruling is affirmed.

---

[2] Plaintiff is correct to note that the trial court did not view the evidence in the light "most favorable" to him when it questioned the relevance and content of the physician's affidavit. *LaFontaine*, 496 Mich at 34. But viewing the physician's affidavit in the light most favorable to plaintiff does not change the fact that plaintiff's injury did not arise "out out of the ownership, operation maintenance, or use of the parked motor vehicle as a motor vehicle." *Putkamer*, 454 Mich at 636. The trial court properly applied the relevant legal standards under MCL 500.3106, and we will not reverse its ruling for irrelevant reasons of procedure. *Gleason v Mich Dept of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad